1  Todd F. Jackson (SBN 202598)
   Catha Worthman (SBN 230399)
2  Jeffrey Lewis (SBN 66587)
   LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
3  476 9th Street
   Oakland, CA 94607
4  Telephone: (510) 839-6824
   Facsimile: (510) 839-7839
5  Email: tjackson@lewisfeinberg.com
           cworthman@lewisfeinberg.com
6          jlewis@lewisfeinberg.com

7  Raymond C. Fay
   MEHRI & SKALET PLLC
8  1250 Connecticut Avenue, NW Suite 300
   Washington, DC 20036
9  Telephone: (202) 822-5100
   Facsimile: (202) 822-4997
10 Email: rfay@findjustice.com

11 Bruce E. Menken
   Jason Rozger
12 BERANBAUM MENKEN LLP
   80 Pine Street, 33rd Floor
13 New York, NY 10005
   Telephone: (212) 509-1616
14 Facsimile: (212) 509-8088
   Email: bmenken@nyemployeelaw.com
15        jrozger@nyemployeelaw.com

16 *Attorneys for Plaintiffs and Proposed Class*

17          IN THE UNITED STATES DISTRICT COURT

18          FOR THE NORTHERN DISTRICT OF CALIFORNIA

19          SAN FRANCISCO/OAKLAND DIVISION

20          **C11-01854**

21 DON C. BENNETT, COMERLIS          Case No.
   DELANEY, GARY ROBINSON, DANA
22 R. RENDAHL, DARREN SCOTT, and     **COMPLAINT FOR VIOLATION OF
   DAVID A. BOECKING, on behalf of   PREVAILING WAGE LAW, WAGE AND
23 themselves and all others similarly situated,   HOUR LAWS, AND UNFAIR
                                     COMPETITION LAW
24          Plaintiffs,             CLASS ACTION
                                     JURY TRIAL DEMANDED**
25          vs.

26

27 SIMPLEXGRINNELL LP,

28          Defendants.

CASE NO.                                          COMPLAINT

1    Plaintiffs Don C. Bennett, Comerlis Delaney, Gary Robinson, Dana R. Rendahl, Darren

2   Scott, and David A. Boecking, on behalf of themselves and all others similarly situated,

3   complain against SimplexGrinnell LP as follows:

4                              **NATURE OF THE ACTION**

5        1.   This action is brought on behalf of Plaintiffs and a similarly situated class of laborers,

6   workers, and mechanics who performed work for Defendant SimplexGrinnell LP on public

7   works projects in the State of California.  Plaintiffs seek to recover unpaid prevailing wages, and

8   unpaid employee benefits or their value included in per diem wages mandated by California law,

9   which they and members of the proposed class are entitled to receive but did not receive for

10   work they performed on the public works projects.

11        2.   The California Prevailing Wage Law, Cal. Lab. Code § 1720 - § 1861, requires that

12   employers with public contracts pay their laborers, workers, and mechanics on public works

13   projects the general prevailing rate of per diem wages, including overtime at least at the rate of

14   one and one-half times the basic rate of pay, as determined by the Director of Industrial

15   Relations.  Cal. Lab. Code §§ 1773, 1815; *see id.* § 510.  Per diem wages include, among other

16   things, employer payment for health and welfare, pension, vacation, travel, and subsistence. *Id.*

17   § 1773.1.

18        3.   The California Prevailing Wage Law applies generally to all work done under contract in

19   excess of $1,000, paid for in whole or in part out of public funds, involving construction,

20   alteration, demolition, installation, repair or maintenance. *Id.* §§ 1720, 1771.

21        4.   Workers who must be paid the prevailing rate of wages for public work include all

22   laborers, workers, or mechanics ("Workers") employed by contractors or subcontractors in the

23   execution of any contract for public work. *Id.* §§ 1723, 1772, 1774.

24        5.   Each contractor and subcontractor performing public work must keep accurate payroll

25   records showing time worked and actual per diem wages paid, and must verify in writing under

26   penalty of perjury that the information in the payroll records is true and correct, and that the

27   employer has paid the prevailing rate of per diem wages, including overtime, to all Workers

28   employed on public works. *Id.* § 1776.

1    6.  Defendant has employed more than 500 Workers on public works projects throughout the

2    state of California, and has paid its Workers less than the general prevailing rate of per diem

3    wages, in violation of the California Prevailing Wage Law.

4                                              **PARTIES**

5    7.  Plaintiff Don C. Bennett is a former employee of Defendant and is a resident of Dublin,

6    California.  Plaintiff Bennett was employed by Defendant as a fire and security technician and

7    program analyst, and performed work for Defendant on numerous public works projects covered

8    by the California Prevailing Wage Law.

9    8.  Plaintiff Comerlis Delaney is a former employee of Defendant and is a resident of

10   Manteca, California.  Plaintiff Delaney was employed by Defendant as an installer of high and

11   low voltage fire alarm systems, and performed work for Defendant on numerous public works

12   projects covered by the California Prevailing Wage Law.

13   9.  Plaintiff Gary Robinson is a former employee of Defendant and is a resident of Anaheim,

14   California. Plaintiff Robinson was employed by Defendant as a sprinkler fitter doing installation

15   work, and performed work for Defendant on at least one public works project covered by the

16   California Prevailing Wage Law.

17   10. Plaintiff Dana R. Rendahl is a former employee of Defendant and is a resident of Castaic,

18   California.  Plaintiff Rendahl was employed by Defendant as a service sprinkler fitter, and

19   performed work for Defendant on numerous public works projects covered by the California

20   Prevailing Wage Law.

21   11. Plaintiff Darren Scott is a former employee of Defendant and is a resident of Rodeo,

22   California. Plaintiff Scott was employed by Defendant as an installer of fire alarm systems and as

23   a construction technician, and performed work for Defendant on numerous public works projects

24   covered by the California Prevailing Wage Law.

25   12. Plaintiff David A. Boecking is a former employee of Defendant and is a resident of

26   Corona, California.  Plaintiff Boecking was employed by Defendant as an inspector/pipe fitter,

27   and performed work for Defendant on numerous public works projects covered by the California

28   Prevailing Wage Law.

CASE NO.                                          2                                    COMPLAINT

13. Plaintiffs and members of the proposed class are Workers, as defined by Cal. Lab. Code § 1723, who were "employed by a contractor or subcontractor in the execution of any contract for public work," as defined by Cal. Lab. Code § 1772.

14. Defendant is a limited partnership formed in the State of Delaware and a wholly owned subsidiary of Tyco International Ltd. Defendant's principal place of business is located at 50 Technology Drive, Westminster, Massachusetts.

## JURISDICTION AND VENUE

15. This Court has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which (1) there are more than 100 members in the proposed class, with the final number expected to exceed 500; (2) all of the Plaintiffs, and all or virtually all of the proposed class members, are citizens of California and have a different citizenship from Defendant, a citizen of Delaware whose principal place of business is Massachusetts; and (3) the claims of the individual proposed class members, when aggregated, exceed the sum or value of $5,000,000.00, exclusive of interest and costs.

16. The Northern District of California has personal jurisdiction over Defendant because Defendant maintains offices in this district, does business in California and in this district, and because many of the acts complained of and giving rise to the claims alleged occurred in California and in this district.

17. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because Plaintiffs Bennett, Delaney, and Scott resided in this district during the events giving rise to the claims, and because a substantial part of the events giving rise to the claims occurred in this district.

18. Intradistrict assignment: Pursuant to N.D. Cal. Civ. Local Rule 3-2, intradistrict assignment to the San Francisco or Oakland Division is proper because a substantial part of the events that give rise to the claims asserted here occurred in counties within those divisions.

## ADDITIONAL FACTUAL ALLEGATIONS

19. Defendant provides standalone and integrated life safety systems, including but not limited to fire alarm and sprinkler system services, to both public and private customers.

1   Defendant designs, engineers, and installs such systems, in addition to providing inspection,

2   testing, maintenance, repair, and monitoring of such systems.

3       20. At all relevant times, Defendant contracted and entered into contracts, either as a prime

4   contractor or as a subcontractor, to perform public work in the State of California covered by the

5   California Prevailing Wage Law.

6       21. In furtherance of the public work conducted by Defendant and covered by the California

7   Prevailing Wage Law, Plaintiffs and other members of the proposed class performed various

8   types of work, including, but not limited to, installing, maintaining, inspecting, testing, repairing

9   and replacing fire alarm, sprinkler system, and other life safety systems.

10       22. Defendant was required to pay, and ensure payment of, the prevailing rate of per diem

11   wages to all Workers performing work on public works projects covered by the California

12   Prevailing Wage Law.

13       23. Defendant failed to pay Plaintiffs and the proposed class members the prevailing rate of

14   per diem wages, including overtime and employee benefits or the value of the employee benefits

15   included in per diem wages, that they are entitled to receive under the California Prevailing

16   Wage Law.

17       24. Plaintiffs have suffered and continue to suffer injury, including monetary injury, as a

18   result of Defendant's acts and omissions alleged here.

19   **CLASS ACTION ALLEGATIONS**

20       25. Pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3), Plaintiffs bring this

21   case as a class action on behalf of all Workers who were, are, or will be employed by Defendant

22   on public works covered by the California Prevailing Wage Law at any time within the four

23   years prior to the date of the filing of the initial complaint in this action through the date of the

24   final disposition of this action, and who were not, are not being, and will not be paid at least the

25   prevailing rate of per diem wages on public works projects covered by the California Prevailing

26   Wage Law.

27       26. The number of individuals in the class is so numerous that joinder of all members is

28   impracticable, and exceeds several hundred.  It would be impracticable to bring all—or even a

CASE NO.                                    4                                    COMPLAINT

1    substantial percentage of—such persons before the Court as individual plaintiffs through joinder.

2        27. Common questions of law and fact exist as to members of the class.  The overarching

3    question of law and fact that is common to all members of the class is whether Defendant has

4    failed to pay Plaintiffs the amounts required by the California Prevailing Wage Law.  There

5    are numerous sub-issues of law and fact that are common to all members of the class, including,

6    but not limited to, the following:

7

8        (a)    Whether Defendant violated the California Prevailing Wage Law, Cal.
                Lab. Code § 1720 - § 1861, by its acts and omissions alleged here,
9                including but not limited to its failure and refusal to pay the prevailing
                rate of per diem wages under the California Prevailing Wage Law;
10

11       (b)    Whether Defendant violated the California Unfair Competition Law,
                Cal. Bus. & Prof. Code § 17200 et seq., by its acts and omissions
12               alleged here;

13

14       (c)    Whether Defendant violated Cal. Lab. Code § 203 by failing to pay, to
                Plaintiffs who terminated employment with Defendant, all wages due and
15               owing to Plaintiffs at the time of their termination;

16       (d)    Whether Defendant violated the California Prevailing Wage Law, Cal.
                Lab. Code § 1776, by its failure to keep accurate payroll records and by its
17               failure to provide true and correct written verification of such records.

18

19       28. Plaintiffs' claims are typical of the claims of all class members because (1) they all have

20   been adversely affected by Defendant's failure to pay the full and correct prevailing rate of per

21   diem wages as required by the California Prevailing Wage Law, and (2) their claims are all

22   based on the same legal theory or theories.

23       29. Plaintiffs will fairly and adequately represent the interests of the class because: (1) they

24   are willing and able to represent the proposed class and have every incentive to pursue this action

25   to a successful conclusion; (2) their interests are not antagonistic to those of the other class

26   members; and (3) they are represented by counsel experienced in litigating complex class actions

27   and state prevailing wage and other wage and hour class actions.

28       30. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendant has

1  acted or refused to act on grounds generally applicable to the class, making appropriate

2  injunctive relief with respect to Plaintiffs and class members as a whole. Plaintiffs and class

3  members are entitled to injunctive relief to end Defendant's common and uniform policy and

4  practice of failing to compensate its employees properly in accordance with the California

5  Prevailing Wage Law for public work performed for the benefit of Defendant.

6      31. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3). The common

7  questions of law and fact identified above predominate over questions affecting only individual

8  members. A class action is superior to other available methods for the fair and efficient

9  adjudication of this litigation. Requiring each class member to pursue his or her claim

10  individually would entail needless duplication, might result in inconsistent judgments, and would

11  waste the resources of both the parties and the judiciary. Moreover, the financial burden of

12  proving that Defendant violated the law as alleged here also would make the prosecution of

13  individual actions virtually impossible for most, if not all, members of the class.

14              **COUNT I – VIOLATION OF CALIFORNIA PREVAILING WAGE LAW**

15                          **Cal. Lab. Code § 1720 - § 1861.**

16      32. Plaintiffs reallege the allegations contained in all preceding paragraphs.

17      33. Defendant contracted to perform public work in the State of California on public works

18  projects covered by the California Prevailing Wage Law.

19      34. Plaintiffs were Workers employed by Defendant to perform work in the execution of

20  such public work.

21      35. Defendant failed and refused to pay Plaintiffs, and fails and refuses to pay Plaintiffs, the

22  prevailing rate of per diem wages, including overtime and employee benefits included in the per

23  diem wages, as required by the California Prevailing Wage Law. Defendant's acts and

24  omissions in this regard are willful and not in good faith, and are without reasonable grounds for

25  believing that the alleged acts and omissions are in compliance with the California Prevailing

26  Wage Law.

27      36. As a result of Defendant's acts and omissions in violation of the California Prevailing

28  Wage Law, Plaintiffs have suffered injury, including monetary injury.

1    37. Plaintiffs are entitled to recover the unpaid balance of the prevailing rate of per diem

2  wages earned, interest, and reasonable attorney's fees and costs of this suit pursuant to Cal. Lab.

3  Code § 1194(a).

4    38. Plaintiffs are further entitled to liquidated damages for unpaid wages pursuant to Cal.

5  Lab. Code § 1194.2(a), except with respect to overtime compensation.

6    ## COUNT II – VIOLATION OF CALIFORNIA LABOR CODE
   ### Cal. Lab. Code § 203

7

8    39. Plaintiffs reallege the allegations contained in all preceding paragraphs.

9    40. This count is brought on behalf of Plaintiffs and numerous members of the class who are

10  no longer employed by Defendant.

11    41. Defendant was required to pay all wages due and owing to Plaintiffs upon their

12  termination.

13    42. Defendant failed to pay the prevailing rate of per diem wages earned by Plaintiffs upon

14  their termination.

15    43. Defendant's failure to pay all wages was willful, as Defendant was aware that the full

16  prevailing rate of per diem wages earned were due and owing to Plaintiffs.

17    44. Plaintiffs' unpaid wages continue to be due and owing, as of the present date.

18    45. Plaintiffs are entitled to collect a penalty of an additional thirty days of wages pursuant to

19  Cal. Lab. Code § 203.

20    ## COUNT III – VIOLATION OF CALIFORNIA PREVAILING WAGE LAW
   ### Cal. Lab. Code § 1776

21

22    46. Plaintiffs reallege the allegations contained in all preceding paragraphs.

23    47. Defendant has failed to keep accurate payroll records, and has failed to provide true and

24  correct written verification of its payroll records, in violation of Cal. Lab. Code § 1776.

25    48. Injunctive relief is necessary and appropriate to insure that Defendant cease violating §

26  1776 and to insure that Defendant follow the requirements of § 1776 in the future.

27  ///

28  ///

CASE NO.                                    7                              COMPLAINT

## COUNT IV – VIOLATION OF CALIFORNIA UNFAIR COMPETITON LAW
### Cal. Bus. & Prof. Code §§ 17200 *et seq.*

49. Plaintiffs reallege the allegations contained in all preceding paragraphs.

50. Defendant's acts and omissions alleged here violate the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* Section 17200 prohibits unfair competition by engaging in, among other things, any unlawful or unfair business acts or practices.

51. Beginning on a date unknown to Plaintiffs, but at least as long ago as four years before the filing of this action, Defendant committed, and continues to commit, acts of unfair competition, as defined by the Unfair Competition Law, by, among other things, engaging in the acts and omissions alleged here. Also, Defendant has committed such acts and omissions with the intent and objective of gaining an unfair competitive advantage over other businesses that compete with Defendant for public work, particularly because Defendant has obtained public works contracts upon the false representation and certification that it will pay its Workers the required prevailing rate of wages on public works projects covered by the California Prevailing Wage Law.

52. Defendant engaged in acts and omissions in violation of the Unfair Competition Law by violating, among others, each of the following laws, the violation of which constitutes independent and separate violations of the Unfair Competition Law:

a.  California Labor Code § 203;

b.  California Labor Code §§ 1773, 1774;

c.  California Labor Code §§ 510, 1815;

d.  California Labor Code § 1194; and

e.  California Labor Code § 1776.

53. As a direct and proximate result of Defendant's acts and omissions alleged here, Defendant received and continues to hold, and to unlawfully profit from, ill-gotten gains belonging to Plaintiffs. Plaintiffs have suffered and continue to suffer substantial injury from

COMPLAINT

1    Defendant's acts and omissions.

2       54. Plaintiffs are entitled to restitution pursuant to the Unfair Competition Law in the

3    amounts unlawfully withheld by Defendant, with interest, as well as an award of attorneys' fees

4    and the costs of this action.

5       55. Injunctive relief is necessary and appropriate to prevent Defendant from continuing and

6    repeating its wrongful and unfair business practices alleged here.

7

8                        **PRAYER FOR RELIEF**

9   **WHEREFORE** Plaintiffs respectfully request this Court to:

10       a.       Certify this case as a class action;

11       b.       Award Plaintiffs, as damages or restitution, the unpaid balance of the prevailing

12                  rate of per diem wages earned under the California Prevailing Wage Law,

13                  including overtime and employee benefits or the value of such benefits included

14                  in per diem wages, with interest thereon from the date of each missed payment

15                  to the date of judgment;

16       c.       Award penalties pursuant to Cal. Lab. Code § 203;

17       d.       Award liquidated damages pursuant to Cal. Lab. Code § 1194.2(a);

18       e.       Grant appropriated injunctive and equitable relief to enjoin Defendant from the

19                  unlawful actions alleged here;

20       f.       Award reasonable attorneys' fees and costs, including expert fees, pursuant to

21                  Cal. Lab. Code § 1194(a) and the California Unfair Competition Law; and

22       g.       Order such other and further relief as the Court deems just and proper.

23                       **JURY TRIAL DEMAND**

24       Plaintiffs hereby demand a jury trial on all issues so triable.

25   ///

26   ///

27   ///

28   ///

CASE NO.                     9                          COMPLAINT

1    Dated: April 15, 2011                          Respectfully submitted,

2

3                                                   By: _____

4                                                   Todd F. Jackson (SBN 202598)
                                                    Catha Worthman (SBN 230399)
5                                                   Jeffrey Lewis (SBN 66587)
                                                    LEWIS, FEINBERG, LEE, RENAKER &
6                                                   JACKSON, P.C.
                                                    476 9th Street
7                                                   Oakland, CA 94607
                                                    Telephone: (510) 839-6824
8                                                   Facsimile: (510) 839-7839
                                                    Email: tjackson@lewisfeinberg.com
9                                                          cworthman@lewisfeinberg.com
                                                           jlewis@lewisfeinberg.com
10

11
                                                    Raymond C. Fay
12                                                  MEHRI & SKALET PLLC
                                                    1250 Connecticut Avenue, NW Suite 300
13                                                  Washington, DC 20036
                                                    Telephone: (202) 822-5100
14                                                  Facsimile: (202) 822-4997
                                                    Email: rfay@findjustice.com
15

16
                                                    Bruce E. Menken
17                                                  Jason Rozger
                                                    BERANBAUM MENKEN LLP
18                                                  80 Pine Street, 33rd Floor
                                                    New York, NY 10005
19                                                  Telephone: (212) 509-1616
                                                    Facsimile: (212) 509-8088
20                                                  Email: bmenken@nyemployeelaw.com
                                                           jrozger@nyemployeelaw.com
21

22                                                  *Attorneys for Plaintiffs and Proposed Class*

23

24

25

26

27

28