1  Todd F. Jackson (SBN 202598)
   Catha Worthman (SBN 230399)
2  Jeffrey Lewis (SBN 66587)
   LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
3  476 9th Street
   Oakland, CA  94607
4  Telephone:  (510) 839-6824
   Facsimile:   (510) 839-7839
5  Email: tjackson@lewisfeinberg.com
          cworthman@lewisfeinberg.com
6         jlewis@lewisfeinberg.com

7  Raymond C. Fay, *Pro Hac Vice*
   Karla A. Gilbride (SBN 264118)
8  MEHRI & SKALET PLLC
   1250 Connecticut Avenue, NW Suite 300
9  Washington, DC 20036
   Telephone: (202) 822-5100
10 Facsimile: (202) 822-4997
   Email: rfay@findjustice.com
11
   Bruce E. Menken, *Pro Hac Vice*
12 Jason Rozger, *Pro Hac Vice*
   BERANBAUM MENKEN LLP
13 80 Pine Street, 33rd Floor
   New York, NY 10005
14 Telephone: (212) 509-1616
   Facsimile: (212) 509-8088
15 Email: bmenken@nyemployeelaw.com
          jrozger@nyemployeelaw.com
16

17 *Attorneys for Plaintiffs and Proposed Class*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| DON C. BENNETT, COMERLIS DELANEY, GARY ROBINSON, DARREN SCOTT, and JON HOTZLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SIMPLEXGRINNELL LP,<br><br>Defendants. | Case No. C 11-1854 (PJH)<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF COMPLETE PROJECT AND PAYROLL DATA WITHOUT EMPLOYEE NAMES REDACTED**<br><br>**Hearing Date: September 25, 2012**<br>**Time: 11:00 a.m.**<br>**Judge: Nandor J. Vadas** |

### I. INTRODUCTION

Plaintiffs need the names rather than employee identification numbers in the payroll and project data produced by Defendant in order to cross-check those data entries against other information regarding specific inspections and projects that Defendant has also provided and that include employee names rather than identification numbers. Without being able to cross-check these various types of information, Plaintiffs will be hampered in their ability to analyze the data provided by Defendant and ultimately will be less prepared to move for class certification at the appropriate time or to determine whether subclasses exist.

However, after being made fully aware of the prejudice that Plaintiffs will suffer without the full payroll and project data including employee names,[1] Defendant is only willing to remove that source of prejudice by imposing another: an essential gag order that would prevent Plaintiffs from contacting any putative class members until an opt-out notice is sent by a third party administrator, regardless of where Plaintiffs obtain the information to contact any such potential class members. See Exh. C to Hall Decl. in Support of Defendant's Opposition, Dkt. 87-4 ("This means that Plaintiffs may not attempt to contact any of these individuals to discuss the case until completion of the *Belaire* [opt-out notice] process."). Such a restriction on contacting percipient witnesses in the midst of discovery is antithetical to the fundamental goals of civil litigation and particularly the class action process, is unsupported by any federal or California case law, and is a wholly unacceptable compromise for Plaintiffs' counsel to have to accept in exchange for receiving full discovery responses to which they were entitled in the first place. In short, the proposal offered by Defendant's counsel and recounted in Exhibit C to the Hall declaration is irrelevant; Plaintiffs' original request for the electronic payroll and project data was valid and Defendant should be required to produce that data in native, unredacted form.

//

//

---

[1] Contrary to its representation in the opposition brief that Defendant was not made aware of the cross-checking issue until August, Plaintiffs' counsel raised the issue for the first time in a letter dated May 2, 2012, which was attached as Exhibit A to the Declaration of Karla Gilbride in support of Plaintiffs' Motion to Compel.

CASE NO. 11-1854 (PJH)  REPLY ISO MOTION TO COMPEL PRODUCTION OF
COMPLETE PROJECT AND PAYROLL DATA
WITHOUT EMPLOYEE NAMES REDACTED

**II. ARGUMENT**

    **A. Plaintiffs' Need for the Employee Names Outweighs any Slight Privacy Interest the Employees Have in this Information.**

Prior to class certification under Rule 23, discovery lies entirely within the discretion of the Court. *Vinole v. Countrywide Home Loans, Inc.,* 571 F.3d 935, 942 (9th Cir. 2009) ("Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted."). Courts have held that pre-certification discovery is warranted where it will resolve factual issues necessary for the determination of whether the action may be maintained as a class action, such as whether a class or set of subclasses exist. *Kamm v. California City Development Co.*, 509 F.2d 205, 210 (9th Cir. 1975). To deny discovery where it is necessary to determine the existence of a class or set of subclasses would be an abuse of discretion. *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) (citing *Kamm*, 509 F.2d at 210).

Where a party asserts privacy rights under the California Constitution as a reason for refusing to comply with a discovery request, as Defendant has done here, then the balancing test enunciated by the California Supreme Court in *Hill v. National Collegiate Athletic Association* and *Pioneer Electronics v. Superior Court*, and described in detail in Plaintiffs' Motion to Compel, comes into play. When applying that balancing test, federal courts in this district have found that mere names and contact information, not to mention names alone which are all that is at issue here, are not particularly sensitive and thus the privacy interest is minimal. *Khalilpour v. Cellco P'ship*, No. C 09-02712 CW (MEJ), 2010 U.S. Dist. LEXIS 43885 (N.D. Cal. April 1, 2010) ("In fact, the disclosure of names, addresses, and telephone numbers is common practice in the class action context because it does not involve revelation of personal secrets, intimate activities, or similar private information, which have been found to be serious invasions of privacy.") (citing both California and federal cases).

Set against this marginal privacy interest are various considerations regarding the importance of discovery to civil litigation in general and class action practice in particular, which

were recognized by the California Supreme Court in *Pioneer Electronics* and which courts in this district have subsequently quoted with approval:

> In *Pioneer*, the Court found that many of Pioneer's complaining customers would be percipient witnesses to relevant defects in the DVD players, and could therefore be considered persons having discoverable knowledge and proper subjects of discovery. *Pioneer*, 40 Cal.4th at 374. The Court also found that, from the standpoint of fairness to the litigants in prosecuting or defending the class action, Pioneer would possess a significant advantage if it could retain for its own exclusive use its customers' contact information." *Id.* "Were plaintiff also able to contact these customers and learn of their experiences, he could improve his chances of marshalling a successful class action against Pioneer, thus perhaps ultimately benefitting some, if not all, those customers." *Id.* . . . Finally, the Court noted that a rule requiring an affirmative waiver from persons whose personal identifying information is sought by others "could have potentially adverse effects in cases brought to redress a variety of social ills, including consumer rights litigation." *Id.* Thus, on balance, the Court determined that discovery of Pioneer's complaining customers' contact information was permissible. *Id.*
>
> Here, too, the Court finds that the balance of factors addressed in *Pioneer* weighs in favor of disclosure. Many of Defendants' complaining customers would be proper subjects of discovery given that it's possible their complaints regarding international-roaming fees are the same as Plaintiff's. Further, Defendants would possess a significant advantage if the Court allowed them to retain the contact information for their own exclusive use and benefit. On the other side, if Plaintiff were able to contact these customers, he could improve his chances of marshalling a successful class action, thus potentially benefitting some, if not all, of Defendants' customers. Finally, as stated above, many of Defendants' complaining customers would be percipient witnesses to the relevant issue - international-roaming charges, and could therefore be considered persons having discoverable knowledge and proper subjects of discovery. Thus, one would reasonably expect Defendants to have identified at least one complaining customer in the prospective class. That Defendants have not identified these potential class members suggests a possible divergence between the interests of Defendants and the interests of its complaining customers. This divergence further suggests that Defendants' concern about the privacy rights of the potential class members is actually driven more by their own self-interest.
>
> Thus, in balancing the competing interests present here, the Court finds that the balance weighs in favor of disclosure.

*Mcartle v. AT&T Mobility LLC*, No. C 09-1117 CW (MEJ), 2010 U.S. Dist. LEXIS 47099 (N.D. Cal. April 16, 2010).

As in *Pioneer* and *McArtle*, the balancing test here weighs in favor of Plaintiffs because the privacy interests involved are scant and Plaintiffs' need for the information is great.

Specifically, Plaintiffs need the full project and payroll data to match that data against inspection reports and job summaries, which are linked to individual employees by name. This cross-checking, in turn, will enable Plaintiffs to determine which employees performed which types of work, whether that work was performed on public contracts, and whether the proper prevailing wage was paid for any such public work. These are critical questions which must be answered in order for Plaintiffs to marshall their motion for class certification or to determine whether subclasses exist. Because Plaintiffs have demonstrated a need for the information as part of the proper precertification discovery process, and because allowing Defendant to have sole possession of this information would put Plaintiffs at a severe disadvantage in litigating this case, the Court should require Defendant to produce the full payroll and project data without redactions.

**B. Any Concerns About the Privacy of the Employee Names or Pay Rate Information Can be Addressed Through the Existing Stipulated Protective Order In This Case.**

Defendant argued in its opposition brief that Plaintiff is not requesting "mere" names of putative class members because those names are linked to other confidential information about the employees' pay rates while employed by Defendant. Those pay rates are one of the key pieces of information in this case regarding whether or not the proper prevailing wage was paid for public work, and indeed Defendant has already produced the pay data and thus cannot credibly argue that it is not discoverable. To the extent Defendant is contending that linking the pay data with the names of the employees at issue raises some heightened privacy concerns, Defendant has not been able to point to any federal or California case law supporting that position. To the contrary, a federal district court in the Central District of California has permitted billing records of credit card customers to be produced to Plaintiffs as part of precertification discovery, along with the addresses, phone numbers, and e-mail addresses of those potential class members, a far more potentially serious invasion of those individuals' privacy rights than anything being requested by Plaintiffs in this case. *See Davis v. Chase Bank U.S.A.*, Case No. CV 06-04804 DDP (PJWx), 2010 U.S. Dist. LEXIS 37464 (C.D. Cal. April 14, 2010) (requiring Chase to produce discovery relating to a sampling of 1,200 potential class

members, including the names, addresses, telephone numbers, e-mail addresses, and billing records for at least 150 cardholders for each year from 2002 through 2010, subject to the stipulated protective order previously entered in the case).

To the extent that disclosing billing records implicated greater privacy interests than mere names and contact information, the court in *Davis* found it significant that any information produced would be subject to a stipulated protective order already in place in the case. Such a stipulated protective order has been entered in this case as well, *see* Dkt. 59, and should be sufficient to address any concerns regarding the privacy or confidentiality of the information in Defendant's payroll and project data. *See Currie-White v. Blockbuster, Inc.*, No. C 09-2593 MMC (MEJ), 2010 U.S. Dist. LEXIS 47071 (N.D. Cal. April 15, 2010) (in a case involving alleged violations of the California Labor Code, requiring defendant to produce names and contact information for employees at the two stores where the plaintiff worked, and at a sampling of ten other stores, subject to a protective order); *see also Putnam v. Eli Lilly & Co.*, 508 F.Supp.2d 812, 814 (C.D. Cal. 2002) (ordering production of the names, addresses, and telephone numbers of putative class members, subject to a protective order, including those who worked in a sales division other than the plaintiff's own).

### III. CONCLUSION

Because the redactions conducted by Defendant are not supported by California or applicable federal law, and because Plaintiffs have demonstrated a need for the complete unredacted data sets, Plaintiffs respectfully request that the Court order Defendant to produce electronic project and payroll data without employee names redacted. Plaintiffs further request that the Court award costs associated with this motion to Plaintiffs in accordance with Federal Rule of Civil Procedure 37(a)(5)(A).

Dated: September 12,, 2012                     Respectfully submitted,


                                               By: __/s/_____
                                               Todd F. Jackson (SBN 202598)

CASE NO. 11-1854 (PJH)          REPLY ISO MOTION TO COMPEL PRODUCTION OF
                                COMPLETE PROJECT AND PAYROLL DATA
                                WITHOUT EMPLOYEE NAMES REDACTED

Catha Worthman (SBN 230399)
Jeffrey Lewis (SBN 66587)
LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
476 9th Street
Oakland, CA 94607
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
Email: tjackson@lewisfeinberg.com
   cworthman@lewisfeinberg.com
   jlewis@lewisfeinberg.com

Raymond C. Fay
Karla Gilbride (SBN 264118)
MEHRI & SKALET PLLC
1250 Connecticut Avenue, NW Suite 300
Washington, DC 20036
Telephone: (202) 822-5100
Facsimile: (202) 822-4997
Email: rfay@findjustice.com

Bruce E. Menken
Jason Rozger
BERANBAUM MENKEN LLP
80 Pine Street, 33rd Floor
New York, NY 10005
Telephone: (212) 509-1616
Facsimile: (212) 509-8088
Email: bmenken@nyemployeelaw.com
   jrozger@nyemployeelaw.com

*Attorneys for Plaintiffs and Proposed Class*

CASE NO. 11-1854 (PJH)   REPLY ISO MOTION TO COMPEL PRODUCTION OF COMPLETE PROJECT AND PAYROLL DATA WITHOUT EMPLOYEE NAMES REDACTED