UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DON C. BENNETT, *et al.*,

　　　　Plaintiffs,

　　v.

SIMPLEXGRINNELL LP,

　　　　Defendant.

Case No.: 4:11-cv-01854-PJH

**ORDER GRANTING MOTION TO COMPEL AND DENYING PLAINTIFFS' REQUEST FOR SANCTIONS (Doc. No. 83)**

## INTRODUCTION

The district court has referred all discovery matters in this action to the undersigned, including Plaintiffs' motion to compel. *See* Doc. No. 84. Plaintiffs' motion to compel was heard on September 25, 2012. Based on the papers filed and the arguments of the parties[1], and for the reasons stated below, the court **GRANTS** Plaintiffs' motion to compel the unredacted information and **DENIES** Plaintiffs' request for sanctions.

## BACKGROUND

Plaintiffs in this putative labor class action requested that Defendant produce ". . . all electronic data from the Job Cost, Ace, Legacy, AS400, PeopleSoft, and TimeEntry databases reflecting or relating to work performed during the relevant time period." Doc. No. 83 at 2 (quoting Request for Production No. 41). Defendant produced redacted records but, citing its employees' right to privacy, refused to produce the name and contact information of the employees whose work was reflected in the above databases without first completing a *Belaire*

---

[1] Defendant's opposition was due on August 31, 2012. *See* N.D. L.R. 7-3(a) (requiring any opposition to a motion to be filed within fourteen days of the date the motion was filed). Plaintiffs' motion was filed on August 17, 2012. Doc. No. 83. Defendant did not seek an extension of time in which to respond to the motion, but filed its opposition on September 6, 2012. Given that the motion to compel implicates the rights of third parties, however, the court will consider the opposition in spite of its lateness.

opt-out process.[2] Doc. No. 83-1, Ex. E. Defendant's employees are putative class members and/or witnesses.

The record demonstrates that the parties have met and conferred extensively and satisfied the requirements of Local Civil Rule 37-1(a). *See* Doc. No. 83-1 & Exhibits thereto; *see also* Doc. No. 87-2. In its latest meet and confer correspondence, Defendant offered to produce the unredacted information if Plaintiff used the information solely for purposes of cross-referencing the payroll data. Doc. No. 87-2, Ex. C (Aug. 27, 2012 letter). Unless and until the *Belaire* opt-out process, Plaintiffs would not be allowed to contact the employees whose records Defendant produced. *Id*. In response, Plaintiffs suggested that Defendant provide them only with the names of potential class members, but withhold the contact information for those employees until the parties completed the *Belaire* process. Doc. No. 87-2, Ex. D (Aug. 31, 2012 email). Under this approach, Plaintiffs would be free to locate the employees through their own efforts, and to communicate with them, even as the *Belaire* process was being conducted.

At the September 25, 2012 hearing, Plaintiffs reiterated that they sought to compel only the unredacted payroll records showing the names of the employees, not the contact information for those employees. The parties also addressed the inadvertent production of employee social security numbers by Defendant to Plaintiffs.

## ANALYSIS

The discovery Plaintiffs seek plainly is relevant and likely to lead to the discovery of admissible evidence. The information may identify potential witnesses as well as members of the putative class; it may be relevant to the identification of sub-classes and other class certification issues; it may relate to substantive legal issues in this action. Plaintiffs are entitled to obtain this type of discovery pursuant to Federal Rule of Civil Procedure 26(b)(1). The issue therefore is

---

[2] A *Belaire-West* notice is a written notice given to putative class members before their contact information is disclosed to putative class counsel. *In re Autozone, Inc. Wage & Hour Employment Practices Litig.*, 2011 U.S. Dist. LEXIS 132973, *3 (N.D. Cal. Nov. 17, 2011). Upon receiving the notice, each class member has the opportunity to "opt out" of disclosure of their information. *Id*. Only the contact information of class members who do not opt out is provided to putative class counsel.

whether, despite its relevance, the discovery should be foreclosed because it invades the privacy of the putative class members.

The law in this district strongly favors Plaintiffs, as courts in this district "commonly" order defendants not only to identify, but to produce contact information for, putative class members before class certification. *See Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. 2011) (compelling disclosure of contact information before certification and noting that "[t]he disclosure of names, addresses, and telephone numbers is a common practice in the class action context"); *Babbitt v. Albertson's Inc.*, 1992 U.S. Dist. LEXIS 19091, *2 (N.D. Cal. Nov. 30, 1992) (ordering contact information and social security numbers of putative class members before class certification). Plaintiffs here do not even seek contact information, but only the identity of the putative class members.

Defendant attempts to avoid the weight of this authority by arguing that Plaintiffs seek not only the identity of the putative class members, but the ability to cross-reference the names of each employee with "private and sensitive compensation information." Doc. No. 87 at 3. Although information relating to pay rate and compensation is arguably sensitive, it does not rise to the level of sensitivity accorded medical records or other similarly intimate information. While the non-party employees here do have a right to privacy in their financial information, that right must be balanced against Plaintiffs' need to obtain the information relevant to their substantive claims and class certification issues. *See Artis*, 276 F.R.D. at 352 (court must determine whether "compelling" need for discovery outweighs privacy issues); *see also Algee v. Nordstrom, Inc.*, 2012 U.S. Dist. LEXIS 62232, *11-*15 (N.D. Cal. May 3, 2012) (citing cases and concluding that privacy objections must yield to the need for information). The court concludes that Plaintiffs have a compelling need for this information that outweighs any right to privacy in this limited financial information.

Under these circumstances, the court concludes that the privacy interests of the putative class members can be protected adequately by limiting the disclosure of the information solely for use in this litigation and subject to the protective order that has been entered in this case (*see* Doc. No. 59). Defendant may designate the information as "Confidential" pursuant to that protective

order, which will limit the disclosure of the information and govern its use in this litigation. *See* Doc. No. 59 at ¶¶ 2.13, 5, 7.2, 12.3 & 13. Defendant has offered no authority to support its position that Plaintiffs should be precluded from using the names of the employees for any purpose other than cross-referencing the payroll data. If Plaintiffs are able to locate putative class members, they may (consistent with applicable legal rules and ethics) contact them.

To remedy the inadvertent production of social security numbers by Defendant, Plaintiffs shall return the information to Defendant, or if this is not practicable, shall redact the social security numbers from the received discovery.

## CONCLUSION

The court **GRANTS** Plaintiffs' motion to compel the production of the unredacted information requested by Document Request No. 41. The court orders Defendant to produce these documents, as they are kept in the regular course of business, to counsel for Plaintiffs within 14 days. The documents will be subject to the terms of the protective order entered in this case (Doc. No. 59) and may be used only for purposes of this litigation. Within 14 days, Plaintiffs shall return to Defendant, or if this is not practicable, shall redact the social security numbers Defendant inadvertently produced. Plaintiffs' request for sanctions does not comply with Local Rule 7-8, and accordingly is **DENIED**.

The court also orders counsel for both parties to review and familiarize themselves with the Local Rules, which were recently and significantly revised, and to review the undersigned's Standing Order before filing any further discovery motions.

Dated: September 25, 2012

Nandor J. Vadas
United States Magistrate Judge