UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| DON C. BENNETT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SIMPLEXGRINNELL LP,<br><br>Defendant. | Case No. 11-cv-01854-JST (NJV)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DISCOVERY LETTER BRIEF**<br><br>Re: Dkt. No. 109 |

The parties filed a joint letter brief (Doc. No. 109), as well as supplemental briefs after being invited to do so by the court (Doc. Nos. 111, 113, 114). The matter was heard on June 4, 2013. For the reasons stated below, the court grants in part and denies in part the relief requested by the parties.

**A. Additional Depositions**

Plaintiffs seek leave to take additional depositions, above the presumptive 10-deposition limit contemplated by Fed. R. Civ. P. 30. Plaintiffs have demonstrated there is good cause for the additional depositions. The individuals they seek to depose all are likely to have personal knowledge relevant to the claims in this putative class action, and Defendant has failed to show that the depositions would impose an undue burden. Accordingly, the court finds there is good cause to take ten additional depositions.

However, Plaintiffs have not shown why the deposition of Dennis Cook would be appropriate. Cook is outside counsel, and the vast majority of questions regarding communications with his client would be met, properly, with an instruction not to answer based on attorney-client privilege and/or attorney work-product. Defendant represents that it does not

intend to rely upon the advice of counsel defense, and that it does not intend to rely upon any communications involving Cook to establish its good faith defense under the California Labor Code. Doc. No. 114. Plaintiffs have not established that there is good cause to take the deposition of Dennis Cook. If Plaintiffs believe they have good cause to do so, they may file a fully-briefed motion addressing the Dennis Cook deposition and production issue.

**B. Electronic Data and Inspection Reports Promised in April 12 Stipulation**

Defendant agreed to produce this information but failed to do so by April 12. Defendant represents that it has produced some of the information requested and believes it can produce information from its Time Entry System by June 10, 2013 and the information from its CLSD database by June 24, 2013. *See* Doc. No. 114. Defendant shall produce information from its electronic inspection reports by June 30, 2013.

**C. Fourth Set of Document Requests**

Defendant represents that it will supplement its responses as promised, and will do so within 20 days.

Plaintiffs requested information regarding the percentage of revenue Defendant earned in California and other "broad financial data" (Document Request Nos. 61-66). In their supplemental letter brief, Plaintiffs suggest conducting a 30(b)(6) deposition without production of the underlying information. Defendant does not object to this proposal. *See* Doc. No. 114 at 3. Defendant shall identify an appropriate 30(b)(6) witness by Friday, June 7, 2013. The deposition of the 30(b)(6) witness shall take place within 20 days of that date, unless the parties stipulate to a longer timeline.

As discussed above, if Plaintiffs continue to seek documents from Dennis Cook, Defendant's outside counsel, they must file a motion to compel addressing the issue.

**D. Information Re Projects Performed By The Named Plaintiffs**

Defendant's Special Interrogatory No. 1 asks Plaintiffs to identify each public project they performed but for which they did not receive prevailing wage, including (1) the name and location of each project, (2) the dates worked, (3) the total number of regular and overtime hours worked, (4) the number of hours worked for which the employee should have, but was not paid, the proper

wage, (5) the tasks performed for which the employee should have been, but was not paid the proper wage, (6) the hourly wage the employee received and the prevailing wage the employee should have received, (7) the applicable prevailing wage job classifications which should have applied to the work for which the employee was not paid, and (8) the amount of money the employee claims is owed in unpaid wages.

Plaintiffs offered to supplement their response by listing the projects for which Bennett, Delaney and Scott should have, but were not, paid prevailing wage. They contend that they cannot supplement their responses as to Robinson and Holtzer because Defendant lost their time sheets. Plaintiffs shall supplement their response to Special Interrogatory No. 1 as to Bennett, Delaney and Scott within 20 days. Within ten days, the parties shall meet and confer regarding Robinson and Holtzer, and shall devise a meaningful workable solution and schedule. If the parties cannot devise a meaningful workable solution and schedule, they may file a further joint letter brief before this court.

### E. Information Re Potentially Misclassified Projects

For each of the 206 RFAs that plaintiffs Bennett and Delaney did not unqualifiedly admit, Defendant asks them to respond to a follow-up interrogatory and state for each RFA, "(b) all facts and information that support your contention that the referenced project is a 'public works' project; (c) all documents that support your contention that the referenced project is a public works project; and (d) all persons with knowledge supporting your contention . . ." Plaintiffs argue that this is unduly burdensome and far exceeds the scope of permissible discovery. Defendant argues that it was forced to use RFAs after plaintiff Comerlis Delaney "refused to admit at his deposition that many of the projects he worked on were private projects." Doc. No. 114 at 3.

Defendant's requests are unduly burdensome. *See Macys Inc. v. Strategic Marks, Inc.*, 2013 U.S. Dist. LEXIS 57421 (N.D. Cal. April 22, 2013); *Safeco v. Rawstrom*, 181 F.R.D. 441 (C.D. Cal. 1998). Plaintiffs offered to supplement their responses to the 206 RFAs and are ordered to do so within 20 days of this order. In addition, within five days of this order, Defendant shall select 20 projects from the 206 represented in the RFAs; within 15 days of receiving the list of 20 projects from Defendant, Plaintiffs shall respond to the follow-up

interrogatory for those 20 projects. Based on the substance of Plaintiffs' response, the court shall entertain a motion to compel further responses for additional projects.

### F. Information Re Robinson and Scott Discovery Demands

Based on Plaintiffs' representation in their supplemental brief, they are ordered to respond to the Second Set of RFPs and interrogatories and RFAs propounded to Robinson and Scott within 20 days of the date of this order.

**IT IS SO ORDERED**.

Dated: June 4, 2013

_____
NANDOR J. VADAS
United States Magistrate Judge