United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON C. BENNETT, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SIMPLEXGRINNELL LP,<br><br>    Defendant. | Case No. 11-cv-01854-JST<br><br>**ORDER DENYING MOTION TO BIFURCATE; GRANTING STIPULATION TO EXTEND CASE DEADLINES**<br><br>Re: ECF Nos. 112, 119 |

In this putative class action for violations of California's labor laws, Plaintiffs move under Federal Rule of Civil Procedure 42 for an order bifurcating the case such that all discovery and litigation with respect to liability would be completed before discovery and litigation as to damages can resume. Plaintiffs additionally request that the Court rule on a motion for partial summary judgment on the question of whether the California Labor Code requires payment of prevailing wages for code-driven testing and inspection work before Plaintiffs file a motion for class certification. ECF Nos. 112, 118. Defendant opposes both requests. ECF No. 117. The Court stated during the case management conference held on May 8, 2013, that it would determine this motion without oral argument. ECF No. 108. Accordingly, the hearing scheduled for July 11, 2013, is VACATED. See Civil L.R. 7-1(b).

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." A district court has "broad discretion" to bifurcate a case under Rule 42(b). Davis & Cox v. Summa Corp., 751 F.2d 1507, 1517 (9th Cir.1985). A district court may consider the following factors in assessing whether bifurcation is appropriate: (1) the complexity of the issues; (2) whether there would be a risk of jury misunderstanding in a non-bifurcated trial; (3) whether bifurcation would facilitate disposition of

the issues; and (4) whether bifurcation would prejudice the parties. Arnold v. United Artists Theatre Circuit, Inc., 158 F.R.D. 439, 459 (N.D. Cal. 1994).

Upon review of the parties' submissions, the Court is not convinced that the proposed bifurcation would promote judicial economy or advance the resolution of this action. Accordingly, the Court rules as follows:

(1) Plaintiffs' request to bifurcate discovery and trial into a liability phase and a damages phase is DENIED. All discovery, including that pertaining to damages, shall be completed in accordance with the deadlines set below. Plaintiffs may move for bifurcation of the liability and damages portions of the case for trial in their motion for class certification.

(2) Plaintiffs' request for a ruling on a partial summary judgment motion on the question of whether the California Labor Code requires payment of prevailing wages for code-driven testing and inspection work before they file a motion for class certification is GRANTED. Plaintiffs may file this motion no later than August 28, 2013.

(3) The parties' stipulated request for an extension of the deadlines in this case by 60 days is GRANTED. The new case deadlines are below. No further extensions will be granted given that this case has been pending for more than two years and the Court already has extended the deadlines multiple times. All disputes pertaining to the timing and adequacy of responses to discovery requests must be addressed well before the new discovery deadline.

//
//
//

| Event | Deadline |
|---|---|
| Fact discovery | August 28, 2013 |
| Expert disclosures | August 28, 2013 |
| Motion to amend the pleadings[1] | n/a |
| Motion for partial summary judgment | August 28, 2013 |
| Plaintiffs' expert reports | September 30, 2013 |
| Defendant's expert reports | October 21, 2013 |
| Mediation | October 29, 2013 |
| Expert discovery | November 19, 2013 |
| Class certification motion | December 17, 2013 |

**IT IS SO ORDERED**.

Dated: June 27, 2013



_____
JON S. TIGAR
United States District Judge

---

[1] The parties have not offered any reason why the deadline to amend the pleadings should be continued, much less demonstrated good cause for a continuance.