UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON C. BENNETT, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>SIMPLEXGRINNELL LP,<br><br>　　　　Defendant. | Case No. 11-cv-01854-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 129 |

In this action for alleged violations of California's prevailing wage law, Defendant SimplexGrinnell moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss or strike Plaintiffs' claim for liquidated damages under California Labor Code § 1194.2. Plaintiffs oppose the motion. For the reasons set forth below, the motion is GRANTED.

I.   **BACKGROUND**

Plaintiffs Don Bennett, Gary Robinson, Comerlis Delaney, Darren Scott, Jon Hotzler, and Patrick Nicassio performed work for Defendant SimplexGrinnell LP in connection with public works projects in California.

Plaintiffs allege that SimplexGrinnell failed to pay them prevailing wages under California law and bring the following four claims on their own behalf and on behalf of others similarly situated: (1) failure to pay prevailing wages in violation of California Labor Code §§ 1720-1861; (2) failure to pay wages owed upon termination in violation of California Labor Code § 203; (3) unfair competition in violation of California Business and Professions Code § 17200; and (4) penalties under the California Private Attorney General Act of 2004.

Plaintiffs seek unpaid prevailing wages, penalties under California Labor Code § 203, liquidated damages under California Labor Code § 1194.2(a), penalties under California Labor Code § 2698, and attorney's fees and costs under California Labor Code § 1194(a) in connection

with their claims.

The Court has jurisdiction over this action under 28 U.S.C. § 1332(d).

## II.     LEGAL STANDARD

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  When dismissing a complaint, the court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment. Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir. 1995).

## III.    DISCUSSION

SimplexGrinnell moves to dismiss or strike Plaintiffs' claim for liquidated damages under California Labor Code § 1194.2(a) on the ground that Section 1194.2(a) does not apply to claims for unpaid prevailing wages.[1]  According to SimplexGrinnell, Section 1194.2(a) allows employees to recover liquidated damages when they sue to enforce minimum wages that are fixed either by order of the Industrial Welfare Commission or by statute, and here, Plaintiffs seek to recover liquidated damages in connection with unpaid prevailing wages under California Labor Code section 1773, which are fixed by the Department of Industrial Relations, and not by the commission or by statute.

---

[1] To the extent that SimplexGrinnell moves to strike Plaintiffs' claim for liquidated damages under Section 1194.2(a), the motion is DENIED, as a motion to strike is not the proper vehicle for dismissing damages claims that are barred as a matter of law.  See Whittlestone, Inc. v. HandiCraft Co., 618 F.3d 970, 974-975 (9th Cir. 2010) ("We therefore hold that Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law.").  Such dismissals are "better suited for a Rule 12(b)(6) motion or a Rule 56 motion." Id. at 974.

2

Plaintiffs oppose the motion, arguing that California's prevailing wage law is a minimum wage law that is enforceable through a private right of action under Section 1194, and as such, liquidated damages are available for violations of that law under Section 1194.2. Opp'n at 2.

The Court concludes that liquidated damages under Section 1194.2 are not available for violations of California's prevailing wage law, because the plain language of Section 1194.2 limits the recovery of liquidated damages to the enforcement of minimum wages set either by the commission or by statute, and prevailing wages do not fall within either one of these two categories.

California's prevailing wage law, which is codified at California Labor Code section 1771 *et. seq.*, provides in part that:

> Except for public works projects of one thousand dollars ($1,000) or less, not less than the general prevailing rate of per diem wages for work of a similar character in the locality in which the public work is performed, and not less than the general prevailing rate of per diem wages for holiday and overtime work fixed as provided in this chapter, shall be paid to all workers employed on public works.

Cal. Labor Code § 1771.

As Plaintiffs correctly point out, courts in California routinely have held that California's prevailing wage law "is a minimum wage law[.]" Road Sprinkler Fitters Local Union No. 669 v. G & G Fire Sprinklers, Inc., 102 Cal. App. 4th 765, 778 (2004) (citations omitted). That the prevailing wage law is a minimum wage law, however, does not lead to the conclusion that liquidated damages under Section 1194.2 are available for violations of that law.

Section 1194.2(a) provides:

> In any action under Section 98, 1193.6, or 1194 to recover wages because of the payment of <u>a wage less than the minimum wage fixed by an order of the commission or by statute</u>, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. Nothing in this subdivision shall be construed to authorize the recovery of liquidated damages for failure to pay overtime compensation.

Cal. Labor Code § 1194.2(a) (emphasis added).

The plain language of Section 1194.2 limits the recovery of liquidated damages to

situations in which the employee received less than the "minimum wage fixed by an order of the commission or by statute." As such, Plaintiffs here may recover liquidated damages for prevailing wage violations only if the prevailing wages at issue were set by an order of the commission or by statute.[2]

Plaintiffs concede that prevailing wages are not set by an order of the commission. Accordingly, the issue is whether prevailing wages are set by statute.

Prevailing wages are not set either by statute or by an order of the commission. Rather, they are set by the Director of the Department of Industrial Relations. See State Bldg. & Constr. Trades Council of Cal., 162 Cal. App. 4th 289, 295 (Cal. Ct. App. 2008) ("The Director of the Department of Industrial Relations (Director) is given the responsibility for determining the general prevailing wage according to statutory criteria. The Director fixes the prevailing wage rates for every category of worker needed for a public works project, which are then used by public entities soliciting bids for the project.") (internal citations omitted); see also Chamber of Commerce of U.S. v. Bragdon, 64 F.3d 497, 502 (9th Cir. 1995) (noting that the prevailing wage statute "does not directly establish the prevailing wages in a particular locality. They are developed pursuant to regulations promulgated by the Director of the Department of Industrial Relations") (citing Cal. Labor Code §§ 1773 & 1773.1). Indeed, as the Ninth Circuit has concluded, "the prevailing wage determined by the Director is not a fixed statutory or regulatory minimum wage, but one derived from the combined collective bargaining of third parties in a particular locality." Id. Accordingly, prevailing wages fall outside of the scope of Section 1194.2.

Plaintiffs argue that prevailing wages are fixed by statute because "numerous courts" have held that "the duty to pay prevailing wages arises from statute." Opp'n at 2 (emphasis added). This argument is unpersuasive because it improperly conflates the duty to pay prevailing wages with the manner in which prevailing wages are set. The plain language of Section 1194.2 refers

---

[2] Because the plain language of Section 1194.2 is unambiguous, the Court need not address arguments pertaining to the legislative history of that statute. Day v. City of Fontana, 25 Cal. 4th 268, 272 (Cal. 2001) ("If there is no ambiguity, then we presume the lawmakers meant what they said, and the plain meaning of the language governs.").

4

1  only to the latter, not the former.  For that reason, the cases that Plaintiffs cite in support of their
2  argument are inapposite and do not shed any light on the question of whether liquidated damages
3  under Section 1194.2 are available for prevailing wage violations.  See, e.g., Lusardi Constr. Co.
4  v. Aubry, 1 Cal. 4th 976, 986-988 (Cal. 1992) (holding that the duty to pay statutory wages arises
5  from statute); Rd. Sprinkler Fitters Local Union No. 669, 102 Cal. App. 4th 765, 779 (Cal. Ct.
6  App. 2002) (noting that "the duty to pay the prevailing wage is statutory"); Reyes v. Van Elk,
7  Ltd., 148 Cal. App. 4th 604, 612 (Cal. Ct. App. 2007) (same).

8       To the extent that Plaintiffs rely on the Court's order of June 7, 2012, to support the
9  proposition that liquidated damages under Section 1194.2 are available for violations of the
10 prevailing wage law, such reliance is misplaced, as that order did not address this issue.  See ECF
11 No. 78.  Rather, that order held that California's prevailing wage law "is a minimum wage law"
12 that may be enforced through California Labor Code § 1194.  Id. at 1.   Section 1194 is distinct
13 from 1194.2.  The former permits an employee who receives less than the minimum wage to
14 recover the unpaid balance of wages owed to him, as well as attorney's fees and costs.  See Cal.
15 Labor Code § 1194(a) ("[A]ny employee receiving less than the legal minimum wage or the legal
16 overtime compensation applicable to the employee is entitled to recover in a civil action the
17 unpaid balance of the full amount of this minimum wage or overtime compensation, including
18 interest thereon, reasonable attorney's fees, and costs of suit.").   The latter permits an employee to
19 recover liquidated damages when the employer failed to pay minimum wages that are fixed either
20 by order of the commission or by statute, as discussed above.
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27
28

## IV. CONCLUSION

Defendants' motion to dismiss Plaintiffs' claim for liquidated damages under California Labor Code Section 1194.2 in connection with violations of California's prevailing wage law is GRANTED.

**IT IS SO ORDERED.**

Dated: October 17, 2013

_____
JON S. TIGAR
United States District Judge