UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| DON C. BENNETT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SIMPLEXGRINNELL LP, <br><br> Defendants. | Case No.  11-cv-01854-JST (NJV) <br><br> **ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL** <br> Re: Dkt. No. 144 |

This is a putative wage and hour class action. Plaintiffs have moved to compel discovery regarding Defendant's decision not to pay prevailing wage for certain types of work. Specifically, Plaintiffs seek to compel further responses to Interrogatory Nos. 19 and 20, and to Document Request Nos. 86, 87 and 96. *See* Doc. Nos. 144, 152. The motion was fully briefed and came on for hearing on October 15, 2013. At the conclusion of the hearing, Defendants obtained permission to file an additional letter brief regarding the attorney client privilege; they filed their brief and Plaintiffs filed a response. Doc. Nos. 163, 164. For the reasons stated below, the court grants in part the motion to compel.

## DISCUSSION

**A. Interrogatory No. 19 and related document requests.**

    **1. Plaintiffs' position.**

Plaintiffs' Second Amended Complaint alleges a number of claims under the California Labor Code, including a claim under California Labor Code § 203. Pursuant to California Labor Code § 203(a), "If an employer willfully fails to pay, without abatement or reduction . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is

commenced." "Willfulness" in this contest is defined as an intentional failure to pay. Cal Code Regs., tit. 8 § 13520. However, a

> good faith dispute that any wages are due will preclude the imposition of waiting time penalties . . . A "good faith dispute" . . . occurs when an employer presents a defense, based in law or fact which, if successful, would preclude any recovery on the part of the employee. . . Defenses presented which, under all the circumstances, are unsupported by any evidence, are unreasonable, or are presented in bad faith, will preclude a finding of a "good faith dispute."

*Id*. Defendant invoked the "good faith dispute" exception as an affirmative defense to the Second Amended Complaint.[1]

Plaintiffs reasonably argue that Defendant's reason(s) for not paying the prevailing wage on certain projects are central both to establishing willfulness and the validity of Defendant's "good faith" affirmative defense. Plaintiffs accordingly propounded the following discovery:

*Interrogatory No. 19* asks Defendant to "[i]dentify the persons or persons who made the decision not to pay, as a matter of policy, prevailing wages for testing and inspection work (aside from 5 year sprinkler inspections) on public works projects in the State of California[; . . .] when that decision was made" and to identify any correspondence or other documents relating to that decision. Defendant objected on a number of grounds, including that the information was protected from disclosure by the attorney client privilege and/or the work product doctrine. During meet and confer discussions, Defendant explained that it was difficult to determine who could answer the interrogatory, and that it might not be possible to answer the interrogatory. Doc. No. 144 at 6.

*Document Request No. 86* asks Defendant to produce documents "considered or relied upon by whomever made the decision not to pay" prevailing wage, including documents identified in response to Interrogatory No. 19. Again, Defendant objected on a number of grounds, including that the information was protected from disclosure by the attorney client privilege and/or

---

[1] Defendant has not yet answered the Third Amended Complaint. Defendant does not argue that it will forego asserting this affirmative defense in its answer to the Third Amended Complaint.

the work product doctrine.

*Document Request No. 87* asks Defendant to produce documents "referring, reflecting or comprising any discussion" regarding the decision not to pay prevailing wage. And again, Defendant objected on a number of grounds, including that the information was protected from disclosure by the attorney client privilege and/or the work product doctrine.

**2. Defendant's position.**

Defendant argues that these three discovery requests seek matter that is both irrelevant and privileged. First, Defendant contends that the existence of "good faith" is "an objective [test] that turns on the strength of the defense, and not the underlying frame of mind at the time the decision was made." Doc. No. 147 at 6 (citing *Amaral v Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1201 (2008)).[2] Defendant notes that no court has addressed whether the prevailing wage law applies to the periodic inspection and testing of fire alarm and sprinkler systems. Despite the lack of legal guidance, "SimplexGrinnell is certain that the Prevailing Wage Law does not apply to this work, and its position stands on solid legal footing. . . . the compelling evidence supporting SimplexGrinnell's legal position, as well as the uncontradicted testimony of SimpexGrinnell's witnesses, shows that there simply is no room for a Court to find that bad faith exists here." *Id*. at 7.

Even if the evidence were relevant, Defendant argues that its communications with counsel are protected by the attorney client privilege and thus absolutely protected from discovery under California law. Doc No. 147 at 5, 7-9. Defendant writes at length about the strength and importance of the attorney-client privilege and work product doctrine, but fails to even acknowledge Plaintiffs' argument that the privilege was waived when Defendant raised the good-

---

[2] This is not an accurate characterization of the *Amaral* opinion. After reviewing the Labor Code's definition of "willfulness" and "good faith dispute," the California Court of Appeal upheld the trial court's finding that the defendant had not been willful in failing to pay living wages. The plaintiffs on appeal argued that the absence of "case law setting forth an employer's obligation is not dispositive on the issue of willfulness," but the plaintiffs failed to offer any evidence in the record that the defendant actually knew it was supposed to pay the wages or any other evidence of bad faith. *Id*. at 1201-1203. The Court of Appeal concluded that, "So long as no other evidence suggests the employer acted in bad faith, presentation of a good faith defense, based in law or fact, will negate a finding of willfulness." *Id*. at 1204. Plaintiffs' discovery requests seeking evidence of such bad faith on SimplexGrinnel's part here therefore are seeking relevant information.

1    faith defense based on the advice of its counsel.  In its supplemental brief, Defendant argues that

2    waiver principles do not apply to the good faith defense.  In opposing the motion to compel,

3    Defendant writes that: "SimplexGrinnell has not alleged, nor will it, that it should not be held

4    liable for penalties ***purely because*** it relied upon a particular communication from a particular

5    attorney."  Doc. No. 163 at 3 (emphasis, underlining and italics in original).

### 3. Analysis.

The information requested is relevant.  Under California law, subjective bad faith "may be of evidentiary value in the objective bad faith analysis."  *FEI Enterprises, Inc. v. Kee Man Yoon*, 194 Cal. App. 4th 790, 802 n.9 (2011) (explaining that the "good faith dispute" standard "imposes an objective standard;" that the finding of "bad faith" precludes a finding of "good faith" does not render the test subjective, it merely indicates that the existence of "bad faith" is relevant in establishing whether defendants truly have a "good faith" basis for not paying wages owed); *see also Amaral*, 163 Cal. App. 4th at 1201-1204.  The court agrees that evidence of bad faith would be relevant here.

Defendant has not waived the attorney client privilege.  In its response to another of Plaintiffs' interrogatories, Defendant described "all reasons and evidence" it would rely upon to establish its "good faith dispute" defense.  *See* Doc. No. 163, Ex. 1.  None of the reasons Defendant articulates reference the advice of counsel or communications with counsel.  Instead, they focus on external factors, such as the requirements imposed by state agencies and industry standards, and on the absence of guidance on point by the Department of Industrial Relations and the Division of Labor Standards.  *Id*.  While counsel may have been involved in researching and articulating the reasons Defendant will offer in support of its "good faith dispute" defense, these reasons are based on objective facts that can be established or disproved at trial without delving into communications otherwise protected by the attorney-client privilege.  The mere possibility that communications between Defendant and its counsel might contain evidence relevant to a "bad faith" argument that Plaintiffs could assert against Defendant's "good faith dispute" defense is

insufficient to vitiate the privilege.[3]

Plaintiffs' motion accordingly is granted in part. Plaintiffs are entitled to discover non-privileged documents constituting, reflecting, or relating to communications regarding Defendant's decision not to pay prevailing wage on these projects. For example, the prevailing wage manager for Defendant filed a declaration in support of the opposition to the motion to compel, in which she describes the process Defendant's employees use to determine whether a project should be deemed subject to prevailing wage requirements. *See* Doc. No. 147-1 (Hext Decl.) at ¶¶ 2-4. It is likely that not all information regarding Defendant's policy on this issue is privileged. To the extent any responsive, otherwise non-privileged, documents reflect or contain privileged communications, the privileged communication may be redacted. Defendant shall supplement its privilege log as appropriate. Given Defendant's representation that it will not rely on the advice of counsel defense, and the court's reliance on that representation, the court also precludes Defendant from asserting the advice of counsel defense at trial, and limits Defendant to asserting as part of its good faith dispute defense those reasons it articulates in its response to Interrogatory No. 17. Defendant also shall supplement its privilege log to identify any privileged communications responsive to Document Request Nos. 86 & 87, to the extent the responsive documents were created *prior* to the filing of this action.

Defendant shall comply with this order within two weeks.

---

[3] Plaintiffs cite *Olvera v. County of Sacramento*, 2012 U.S. Dist. LEXIS 10842 (E.D. Cal. Jan. 27, 2012) to support their waiver argument. Doc. No. 152 at 3. Defendant accurately points out that in this case, California privilege law applies, not federal privilege law. Even if the rule in *Olvera* applied here, however, the court notes that the *Olvera* plaintiffs made a much stronger case for waiver than Plaintiffs here: "'[a]lthough defendants disavow reliance on the advice of counsel as an affirmative defense, defendants contend that the decision to proceed with the warrant applications at issue in this case was constitutional. That decision was made during meetings which defendants now seek to shield from disclosure.' The Magistrate Judge also found that '[t]he evidence submitted by plaintiffs in support of the motion to compel appears to be sufficient to establish a prima facie case of civil conspiracy to deprive plaintiffs of their constitutional rights to familial association.'" *Id.* at 5. Similarly, courts that have invaded the attorney client privilege under the crime fraud exception require parties to make a prima facie showing. *See BP Alaska Exploration, Inc. v. Superior Ct.*, 199 Cal. App. 3d 1240, 1262-68 (Cal. App. 1988). Plaintiffs in their motion to compel have not made a prima facie case of any such wrongdoing by Defendant.

**B. Interrogatory No. 20 and related document request.**

    **1. Plaintiff's position.**

Plaintiffs contend that Defendant failed to pay prevailing wage on a number of public works projects. *Interrogatory No. 20* lists more than 39,000 projects and asks Defendant to state, for each project, (1) whether Defendant contended the project was not a "public works" project; (2) whether the project was subject to the "charter city" exception provided by the California Constitution; and (3) whether the project was subject to the "university affairs" exception provided by the California Constitution. For each project that fit one of the above three criteria, Plaintiffs asked Defendant to state the factual basis for its contentions and identify any documents confirming the contentions and individuals with knowledge. *Document Request No. 96* asked Defendant to produce all documents identified in response to, or requested to be identified in, Interrogatory No. 20.

Plaintiffs contend that the list of 39,000 projects was created based on Defendant's own designation of "public projects," and projects that Plaintiffs believe are subject to prevailing wage law. Doc. No. 144 at 8. They argue that Interrogatory No. 20 is not actually burdensome because (1) Defendant already had to do much of this work in coding the projects as "public" in their electronic databases, and (2) Defendant has an obligation to keep records of which projects are subject to prevailing wage law. Doc. No. 144 at 8. And finally, since the motion to compel was filed, Plaintiffs provided the list to Defendant as an Excel spreadsheet and "will" provide Defendant "with a list of public customers which were not marked as 'State' or "municipal' in Defendant's electronic data." Doc. No. 152 at 5. During oral argument, Plaintiffs clarified that there were approximately 1,000 projects that they identified as "public" but were not designated as such by Defendant.

    **2. Defendant's position.**

Defendant argues that this interrogatory is unduly burdensome and that it has already produced the data it would use to answer the interrogatory. Doc. No. 147 at 10 ("Plaintiffs already have the same data SimplexGrinnell would use to determine whether any particular projects are public or private"). At oral argument, Defendant clarified that it could easily answer whether any

1  of the 39,000 projects were designated as state, municipal, or otherwise-designated public works
2  projects, but it objected to the remaining portions of the interrogatory on the ground that it was
3  unduly burdensome. To the extent Plaintiffs argue that the court should not allow Defendant to
4  ambush them at trial with evidence regarding projects that was not produced in discovery,
5  Defendant responds that "until Plaintiffs affirmatively identify the projects for which they claim
6  they are entitled to damages, SimplexGrinnell does not know which projects it will need to
7  research, or if it will decide to research any of them at all." *Id*. And finally, Defendant explains
8  that since it does not "generally" take advantage of paying employees less pursuant to the charter
9  city or university exemption, it does not keep track of whether projects qualify for such
10 exceptions. *See generally* Doc. No. 147-1 (Hext Decl.). Defendantf points out that Plaintiffs have
11 no support for the position that the Labor Code requires employers to "maintain record showing
12 which of its customers could be subject to one of the applicable exemptions" when it does not
13 apply the exemption at any time. Plaintiffs sidestep this argument, and reiterate that the Labor
14 Code requires employers to keep complete payroll records and state that, if "Defendant has no
15 contention as to which of those exemptions applies to each public project, and has no evidence
16 that those exemptions do apply, then it should so state in its response." Doc. No. 152 at 5. At oral
17 argument, Defendant represented that it had produced all PeopleSoft payroll data but admitted that
18 its production of the time-entry data had been incomplete. Defendant further represented that it
19 was trying to determine why this happened, and intended to produce all of the data shortly.

20  **3. Analysis.**

21  Plaintiff's motion is granted in part. Within two weeks of the date of this order, Defendant
22 shall (1) identify which projects on the list of 39,000 projects are state, municipal, or otherwise-
23 designated public works projects; (2) identify whether it applied the charter city or university
24 exceptions to any projects on the list; and (3) provide complete time-entry data records to
25 Plaintiffs.

# CONCLUSION

For the reasons stated above, the court grants in part Plaintiffs' motion to compel.

**IT IS SO ORDERED**.

Dated: October 25, 2013

_____
NANDOR J. VADAS
United States Magistrate Judge