1  ROBERT R. ROGINSON (State Bar No. 185286)
   robert.roginson@ogletreedeakins.com
2  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   400 South Hope Street, Suite 1200
   Los Angeles, California 90071
3  Telephone:    213.239.9800
   Facsimile:    213.239.9045
4
   DOMINICK C. CAPOZZOLA, State Bar No. 217381
5  dominick.capozzola@ogletreedeakins.com
   JOCELYN A. MERCED, *Pro Hac Vice*
6  jocelyn.merced@ogletreedeakins.com
   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
7  10 Madison Avenue, Suite 400
   Morristown, New Jersey 07960
8  Telephone:    (973) 656.1600
   Facsimile:    (973) 656.1611
9
   CAROLYN B. HALL, State Bar No. 212311
10 carolyn.hall@ogletreedeakins.com,
   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
11 Steuart Tower, Suite 1300
   One Market Plaza
12 San Francisco, California 94105
   Telephone:    (415) 442-4810
13 Facsimile:    (415) 442-4870

14 Attorneys for Defendant
   SimplexGrinnell LP
15
                    UNITED STATES DISTRICT COURT
16
                  NORTHERN DISTRICT OF CALIFORNIA
17
                      SAN FRANCISCO DIVISION
18

19 DON C. BENNETT, COMERLIS DELANEY,          Case No. 11-CV-01854-JST (NJV)
   GARY ROBINSON, DARREN SCOTT, JON
20 HOTZLER and PATRICK NICASSIO, on           **SIMPLEXGRINNELL LP'S NOTICE OF**
   behalf of themselves and all others similarly   **MOTION AND MOTION TO DENY**
   situated,                                   **CLASS CERTIFICATION**
21
                  Plaintiffs,                  **(Fed. R. Civ. P. 23)**
22
           v.                                  Date:    January 23, 2014
23                                             Time:    2:00 p.m.
   SIMPLEXGRINNELL LP,                         Place:   Courtroom 9, 19th Floor
24                                             Judge:   Hon. Jon S. Tigar
                  Defendant.
25

26

27

28
                                                Case No. 11-CV-01854-JST (NJV)
   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SIMPLEXGRINNELL'S
                    MOTION TO DENY CLASS CERTIFICATION

1   TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

2       PLEASE TAKE NOTICE that on January 23, 2014 at 2:00 p.m., or as soon thereafter as the

3   matter may be heard, before the Honorable Jon S. Tigar in Courtroom 9 of the above-entitled Court

4   located on the 19th floor of the Philip Burton Federal Building, 450 Golden Gate Avenue, San

5   Francisco, California 94102, Defendant SimplexGrinnell LP will move for an order denying class

6   certification of Plaintiffs' claims related to alleged failure to pay prevailing wages and associated

7   penalties.

8       This Motion is based on the grounds that Plaintiffs cannot meet the requirements for class

9   treatment under Federal Rule of Civil Procedure 23. Denial of class certification is appropriate

10   here because, among other defects, Plaintiffs have not articulated an ascertainable class, Plaintiffs

11   cannot establish numerosity, Plaintiffs are not typical of the putative class they seek to represent,

12   Plaintiffs are not adequate class representatives, Plaintiffs' claims alleging that SimplexGrinnell

13   failed to pay prevailing wages are not ones where common issues predominate, and a class action

14   would not be superior. This Motion is based on this Notice, the supporting Memorandum of

15   Points, Declaration of Dominick C. Capozzola with supporting exhibits, the Proposed Order, and

16   all papers and pleadings filed in this action and such additional authority and argument as may be

17   presented in SimplexGrinnell's reply and at any hearing on this Motion.

18

19   DATED: December 19, 2013          OGLETREE, DEAKINS, NASH, SMOAK &
                          STEWART, P.C.

20

21

22                     By: */s/ Dominick C. Capozzola*
                         Dominick C. Capozzola

23                          Robert R. Roginson
                         Carolyn B. Hall

24                          Jocelyn A. Merced, *Pro Hac Vice*

25                     Attorneys for Defendant SimplexGrinnell LP

26

27

28

# TABLE OF CONTENTS

I.    Preliminary Statement. ................................................................. 1

II.   Statement of the Issues to Be Decided. ..................................... 2

III.  Factual and Procedural Background. .......................................... 2

      A.    SimplexGrinnell's Experience with Prevailing Wages in California. .... 2

      B.    Relevant Procedural Background .............................. 3

      C.    The Elements of a Claim for Unpaid Prevailing Wages. ... 3

      D.    Plaintiffs' Expert Report ........................................ 5

IV.   Argument ................................................................................. 6

      A.    Legal Standard. ..................................................... 6

      B.    Plaintiffs Have Failed to Articulate an Ascertainable Class Definition Because the Class Definition is Fatally Merits Based. ... 7

      C.    Plaintiffs Cannot Meet the Requirements of Rule 23(a). ... 8

            1.    Plaintiffs Cannot Establish Numerosity Because They Cannot Identify Any Class Members Who Belong to the Proposed Class. ... 8

            2.    Plaintiffs Cannot Identify a Common Question of Fact or Law That Will Materially Advance the Litigation in One Stroke. ... 9

            3.    Plaintiffs' Claims Are Not Typical of the Claims of Other Proposed Class Members. ... 11

            4.    Plaintiffs Are Inadequate Class Representatives. ... 12

      D.    Plaintiffs Cannot Show that Common Questions of Fact or Law Will Predominate Over Individualized Issues as They Must Under Rule 23(b)(3). ... 13

      E.    Plaintiffs Cannot Show That a Class Action Is a Superior Method for Resolving the Claims Alleged in the Complaint; Individual Administrative and Civil Actions Are Available. ... 15

V.    Conclusion. ............................................................................ 16

NOTICE OF MOTION AND MOTION IN SUPPORT OF SIMPLEXGRINNELL'S
MOTION TO DENY CLASS CERTIFICATION

# TABLE OF AUTHORITIES

## CASES

*Berger v. Compaq Computer Corp.*,
    257 F.3d 475, 481 (5th Cir. 2001) ............... 12

*Black Faculty Ass'n of Mesa College v. San Diego Cmty. College Dist.*,
    664 F.2d 1153, 1157 (9th Cir. 1981) ............... 9

*Buchanan v. Homeservices Lending LLC*,
    2013 WL 1788579 (S.D. Cal. Apr. 25, 2013) ............... 6

*Comcast Corp. v. Behrend*,
    133 S.Ct. 1426 (2013) ............... 13, 14

*Coughlin v. Sears Holdings Corp.*,
    2010 WL 4403089 (C.D. Cal. Oct. 26, 2010) ............... 6

*DeBremaecker v. Short*,
    433 F.2d 733, 734 (5th Cir. 1970) ............... 7

*Deitz v. Comcast Corp.*,
    2007 WL 2015440, at *16 (N.D. Cal. July 11, 2007) ............... 12

*Gartin v. S&M Nutec LLC*,
    245 F.R.D. 429, 434 (C.D. Cal. 2007) ............... 12

*Hagen v. City of Winnemucca*,
    108 F.R.D. 61, 63 (D. Nev. 1985) ............... 7

*Hanon v. Dataproducts, Corp.*,
    976 F.2d 497, 508 (9th Cir. 1992) ............... 11

*J.B. ex rel. Hart v. Valdez*,
    186 F.3d 1280, 1290 (10th Cir. 1999) ............... 6

*Jimenez v. Domino's Pizza*,
    238 F.R.D. 241, 253 (C.D. Cal. 2006) ............... 15

*Kamar v. RadioShack Corp.*,
    375 F. App'x 734, 736 (9th Cir. 2010) ............... 7

*Kimoto v. McDonald's Corp.*,
    2008 WL 5690536 (C.D. Cal. Aug. 19, 2008) ............... 7

*Lanzarone v. Guardsmark Holdings, Inc.*,
    2006 WL 4393465 (C.D. Cal. Sept. 7, 2006) ............... 15

*Marcial v. Coronet Ins. Co.*,
    880 F.2d 954, 957 (7th Cir. 1989) ............... 9

ii

*Marcus v. BMW of N. Am., LLC,*
    687 F.3d 583, 592-93 (3d Cir. 2012) .......... 8, 9

*Marlo v. United Parcel Service,*
    639 F.3d 942, 948-49 (9th Cir. 2011) .......... 14

*Mazur v. eBay Inc.,*
    257 F.R.D. 563, 567 (N.D. Cal. 2009) .......... 7

*Mazza v. Amer. Honda Motor Co.,*
    666 F.3d 581, 588 (9th Cir. 2012) .......... 9

*Narouz v. Charter Comm'n, LLC,*
    591 F.3d 12612, 1266 (9th Cir. 2010) .......... 6

*Nguyen v. BDO Seidman, LLP,*
    2009 WL 7742532 (C.D. Cal. Jul. 6, 2009) .......... 15

*Nguyen Da Yen v. Kissinger,*
    70 F.R.D. 656, 661 (N.D. Cal. 1976) .......... 9

*Perry-Roman v. AIG Retirement Services, Inc.,*
    2010 WL 8697061 (C.D. Cal. Feb. 24, 2010) .......... 6

*RBS Citizens, N.A. v. Ross,*
    133 S.Ct. 1722 (2013) .......... 13

*Rodriguez v. Dept. of the Treasury,*
    108 F.R.D. 360 (D.D.C. 1985) .......... 9

*Sonic-Calabasas, Inc. v. Moreno,*
    51 Cal.4th 659 679 (2011) .......... 15

*State Bldg. and Const. Trades Council of Cal., AFL-CIO v. City of Vista,*
    54 Cal.4th 547, 565-66 (2012) .......... 4

*Temple v. Guardsmark LLC,*
    2011 WL 723611 (N.D. Cal. Feb. 22, 2011) .......... 6

Till v. Saks Inc.,
    2013 WL 5755671 (N.D. Cal. Sept. 20, 2013) .......... 6, 12

*Valentino v. Carter-Wallace, Inc.,*
    97 F.3d 1227, 1232-34 (9th Cir. 1996) .......... 15

*Velazquez v. Costco Wholesale Corp.,*
    2011 WL 4891027 (C.D. Cal. Oct. 11, 2011) .......... 6

*Vietnam Veterans of Am. v. C.I.A.,*
    288 F.R.D. 192, 211 (N.D. Cal. 2012) .......... 7

*Vinole v. Countrywide Home Loans, Inc.*,
    571 F.3d 935, 939 (9th Cir. 2009)                                6, 12

*Wal-Mart Stores, Inc. v. Dukes*,
    131 S.Ct. 2541, 2552 (2011)                                     *passim*

*Wang v. Chinese Daily News*,
    709 F.3d 829, 836 (9th Cir. 2013)                                  10

*Washington v. Joe's Crab Shack*,
    271 F.R.D. 629, 637 (N.D. Cal. 2010)                               12

*Wells Fargo Home Mortgage Litig.*,
    571 F.3d 954, 957 (9th Cir. 2009).                                 15

*Williams v. Winco Foods*,
    2013 WL 4067594 (N.D. Cal. Aug. 1, 2013)                            6

*Zinser v. Accuflix Research Inst., Inc.*,
    253 F.3d 1180, 1186 (9th Cir. 2001)                             *passim*

*Zulewski v. Hershey Co.*,
    2013 WL 1748054 (N.D. Cal. Apr. 23, 2013)                           6


**STATUTES**

Cal. Const. art. XI, § 5(a);                                            4

Cal. Lab. Code § 1720(a)                                          2, 3, 4

Cal. Lab. Code § 1771                                            3, 4, 11

Cal. Lab. Code § 1771.5(a).                                             4

Cal. Lab. Code § 1773.5                                                 4

8 Cal. Code Regs. § 16204(b)                                            4

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  Preliminary Statement.**

Plaintiffs have pinned all of their hopes for class certification on a fatally-flawed expert report, in which Plaintiffs' expert failed to apply legal principles appropriate for the underlying claims. This report constitutes Plaintiffs' lone source of "common proof" of liability and damages. Because the report is unreliable, irrelevant, and fails to demonstrate that Plaintiffs can determine liability or measure damages on a classwide basis, Plaintiffs' request for class certification should be denied.

Together, the Ninth Circuit and the United States Supreme Court have set a high bar for aspiring class representatives.  By a "preponderance of the evidence," they must demonstrate that each element of Rule 23 is satisfied.  District courts reviewing motions for class certification must perform a "rigorous analysis" and resolve any factual or legal issues necessary to complete that analysis, including weighing the credibility and merit of competing expert reports. If any doubt exists, that doubt should weigh against certification.

Because Plaintiffs' expert report relates only to testing and inspection, if the Court denies Plaintiffs' Motion for Partial Summary Judgment and confirms that the Prevailing Wage Law ("PWL") does not require the payment of prevailing wages, Plaintiffs cannot possibly establish a class.  In the unlikely event the Court grants Plaintiffs' Motion for Partial Summary Judgment, however, Plaintiffs' expert report  still does not even approach the quality or quantity of evidence necessary to satisfy Plaintiffs' heavy burden.  Plaintiffs' expert, Dr. Robert Fountain, Ph.D., built faulty legal premises into the logic of the computer program that he used to determine liability and to calculate the associated "damages."  The flawed methodology behind Plaintiffs' report necessarily produces inaccurate "damages" calculations that bear no relationship to what Plaintiffs should actually recover, if they in fact incurred any damages at all. Moreover, Plaintiffs' report sheds no light on the degree to which it overestimates the damages for each person—whether 5%, 50%, or 100%.  One cannot identify whether SimplexGrinnell is liable to anyone without performing an individualized audit of each person's work history.

1      Setting all of these issues aside, even if Dr. Fountain's report showed what he wanted it to

2 show, it would not help Plaintiffs establish that the case is appropriate for class certification.

3 Individual questions pertaining to liability issues preclude the commonality, predominance, and

4 other findings Plaintiffs would need to establish a class.

5 **II.     Statement of the Issues to Be Decided.**

6      Whether Plaintiffs can prove by a preponderance of the evidence that their class claims

7 satisfy all of the requirements for class certification established by Rule 23, where the underlying

8 claims require individualized attention and the only common evidence Plaintiffs have adduced is

9 unreliable and irrelevant.

10 **III.    Factual and Procedural Background**

11      **A.     SimplexGrinnell's Experience with Prevailing Wages in California.**

12      As set forth more fully in SimplexGrinnell's Opposition to Plaintiffs' Motion for Partial

13 Summary Judgment (Dkt. 171), SimplexGrinnell takes great pains to ensure that it complies with

14 California prevailing wage requirements.  In connection with those efforts, the company regularly

15 errs on the side of over-payment of prevailing wages.  For instance, SimplexGrinnell paid

16 prevailing wages for projects performed for charter cities, irrespective of whether those cities

17 excluded themselves from the state prevailing wage requirements pursuant to the Home Rule

18 Doctrine contained in the California Constitution.   Similarly, although SimplexGrinnell could have

19 declined to pay prevailing wages for certain projects performed for state agencies that had adopted

20 Labor Compliance Programs, SimplexGrinnell prefers to simply pay prevailing wages for those

21 projects, rather than to try to pay the employees their regular rate of pay.  As a consequence of

22 these practices, SimplexGrinnell does not keep records showing which projects may be subject to

23 either the charter city exemption or Labor Compliance Programs.

24      SimplexGrinnell pays prevailing wages for all work that meets the definition of "public

25 works" in Labor Code Section 1720(a).  This includes almost all of the work that Plaintiffs have

26 described in their complaint, including installation and repair of fire alarms and sprinkler systems.

27 Notably, Plaintiffs' expert report does not even attempt to find damages relating to such work.

28

1   (Deposition of Robert Fountain, PhD ("Fountain Dep."), 22:21-23:18.)  Instead, Plaintiffs have

2   focused their report exclusively on periodic, stand-alone testing and inspection services.  (*Id.*)

3   **B.     Relevant Procedural Background**

4          Plaintiffs filed their original complaint on April 18, 2011.  They have since amended the

5   complaint three times.  The proposed class definition has remained the same for the duration of the

6   case.  It provides:

7          Pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), Plaintiffs bring this
       case as a class action on behalf of all Workers who were, are, or will be employed
8          by Defendant on public works covered by the California Prevailing Wage Law at
       any time within the four years prior to the date of the filing of the initial complaint
9          in this action through the date of the final disposition of this action, and who were
       not, are not being, and will not be paid at least the prevailing rate of per diem wages
10         on public works projects covered by the California Prevailing Wage Law.

11
12  (Third Amended Complaint ("TAC"), ¶ 37.)  Determining whether an employee belongs to the

13  class first requires the court to determine whether the employee was paid "at least the prevailing

14  rate of per diem wages on public works projects."  (*Id.*)

15         On November 25, 2013, Plaintiffs served the expert report of Dr. Fountain.  Dr. Fountain

16  was tasked with examining electronic data relating to SimplexGrinnell employees, determining to

17  whom SimplexGrinnell was liable, and further determining how much money SimplexGrinnell

18  owes to each employee in damages and penalties.  Although the TAC claims that Plaintiffs and the

    putative class have not received all prevailing wages owed for a variety of tasks, Dr. Fountain
19
    makes clear in his report that he attempted to calculate damages for testing and inspection only.
20
    Thus, it appears that Plaintiffs have abandoned claims relating to installation and repair.
21
    **C.     The Elements of a Claim for Unpaid Prevailing Wages.**
22
           The California Prevailing Wage Law requires employers to pay not less than the prevailing
23
    rate of pay for all workers employed on "public works."  Cal. Lab. Code §§ 1720(a); 1771.  As
24
    Plaintiffs recognized in their Motion to Compel, filed September 4, 2013 (Dkt. 144, p.8),
25
    "Plaintiffs have the burden of proof in this matter."  This includes the burden to show that the
26
    projects for which they seek damages in fact constitute "public works" projects.  Such a showing
27
    requires Plaintiffs to prove, by a preponderance of the evidence:
28

1    (1)    that the project is "paid for in whole or in part out of public funds." Cal. Lab. Code

2            § 1720(a);

3    (2)    that the value of the contract exceeds $1,000.00; Cal. Lab. Code § 1771(a);

4    (3)    that the contract is not subject to the charter city exception, which permits

5            charter cities to exclude themselves from the requirements of the PWL. Cal.

6            Const. art. XI, § 5(a); *State Bldg. and Const. Trades Council of Cal., AFL-*

7            *CIO v. City of Vista*, 54 Cal.4th 547, 565-66 (2012); and

8    (4)    that the contract is not subject to a Labor Compliance Program, which raises

9            the monetary threshold at which prevailing wage requirements begin to apply

10           from $1,000 to $25,000 for construction projects and $15,000 for other types

11           of public work; or, if the contract is subject to such a program, that it meets

12           those thresholds.  Cal. Lab. Code § 1771.5(a).

13       Plaintiffs must also identify the applicable rate of pay.  Because the prevailing wage

14   rate in effect at the time an awarding body advertises a project for bid is the rate that

15   governs for the life of the project, 8 Cal. Code Regs. § 16204(b); Cal. Lab. Code § 1773.5,

16   identifying the appropriate pay rate requires one to know *when* the awarding body

17   advertised the contract for bid. Additionally, one must determine the county in which the

18   project takes place and the applicable craft rate.

19       After verifying that a particular project constitutes a covered "public works" project

20   and identifying the applicable pay rate, one must then look at the payroll records and the

21   records relating to the hourly value of the fringe benefits paid to the employees who worked

22   on that project.  If the amount paid to an employee is equal to or more than the amount that

23   should have been paid under the applicable prevailing wage rates, then no liability exists to

24   that employee for that project.  If, however, the amount paid to an employee is less than the

25   amount required under the statute, then liability exists for that project.

26       Liability to one employee on one project does not necessarily mean that liability exists for

27   any other employees or for any other projects.  Liability must be established on a project-by-

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SIMPLEXGRINNELL'S MOTION TO
DENY CLASS CERTIFICATION

1  project, employee-by-employee basis.  In that sense, liability and damages issues are almost

2  completely merged.  As Dr. Fountain explained at his deposition, the determination of liability and

3  the amount of damages owed occurred at the very end of his report, after all of the evidence had

4  been matched, filtered, and aggregated.  Indeed, Dr. Fountain testified that the liability

5  determination came *after* the damages determination in his report.  (Fountain Dep., 25:11-27:3.)

6       A.     There was one point in the program where that -- the amount owed was calculated.

7              If that amount owed was a positive number, then that person was identified as being
            owed damages. So one of those steps immediately followed the other one.

8       Q.     Well, which occurs first?

9       A.     The calculation of the amount owed occurs first.

10       Q.     So you know the amount owed before you even know who is owed.  Correct?

11       A.     That is correct, because that calculation is being done for every employee ID

12              number and the database all at the same time.

13  (Fountain Dep., 26:13-27:3.)

14      **D.**    **Plaintiffs' Expert Report**

15         Dr. Fountain's expert report serves as Plaintiffs' only common evidence of liability and

16  damages.  As established in SimplexGrinnell's *Daubert* motion, however, Dr. Fountain's report is

17  woefully deficient for a wide variety of reasons.  To name only a few:

18      1.     Dr. Fountain used an erroneous formula to calculate the damages for Noninspectors,

19              who comprise more than half of the persons listed in his report.

20      2.     Dr. Fountain awarded damages for travel time, an error that affects almost all of the
            employees listed.

21      3.     Dr. Fountain applied higher Saturday pay rates to work performed on Fridays.

22      4.     Dr. Fountain failed to credit SimplexGrinnell with thousands of hours of overtime

23              work paid at prevailing wages.

24      4.     Dr. Fountain failed to identify projects subject to Labor Compliance Programs or
            the charter city exception.

25      5.     Dr. Fountain took impermissible shortcuts by using average pay rates rather than

26              attempting to perform the individualized inquiries required to obtain the applicable
            rates.

27      6.     Dr. Fountain used a contrived method to extrapolate additional damages based on

28              timesheets.

7.     Dr. Fountain did nothing to validate his results, which enabled these and other errors to survive through to his final report.

At his deposition, Dr. Fountain admitted that his export report is unreliable.  (Fountain Dep., 167:5-167:12.)

## IV.     Argument.

### A.     Legal Standard

"At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."  FRCP 23(c)(1)(A).  However, the defendant need not wait for the plaintiffs to act.  A defendant may file a preemptive motion to deny certification or to strike the class allegations from the complaint even if the plaintiffs have not moved to certify the class.  *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939 (9th Cir. 2009).  As explained herein, the record here is sufficiently developed to allow this Court to conclude that class certification should be denied.[1]

Even in cases where the defendant files the motion to deny class certification, the plaintiff bears the burden of demonstrating that each of Rule 23(a)'s four requirements and at least one requirement of Rule 23(b) are met.  *Narouz v. Charter Comm'n, LLC*, 591 F.3d 12612, 1266 (9th Cir. 2010).  To obtain certification, a plaintiff must establish: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy.  Fed. R. Civ. P. 23(a).  Once these requirements are met, a plaintiff must also satisfy one of the Rule 23(b) criterion.  *Zinser v. Accuflix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001).  The Court need not accept conclusory or generic allegations regarding the suitability of the litigation for certification.  *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1290

---

[1]     Courts in California districts, prior to and in the wake of *Vinole*, have routinely granted defendants' preemptive motions to deny class certification; *see, e.g.*: *Williams v. Winco Foods*, 2013 WL 4067594 (N.D. Cal. Aug. 1, 2013); *Zulewski v. Hershey Co.*, 2013 WL 1748054 (N.D. Cal. Apr. 23, 2013); *Temple v. Guardsmark LLC*, 2011 WL 723611 (N.D. Cal. Feb. 22, 2011): Till v. Saks Inc., 2013 WL 5755671 (N.D. Cal. Sept. 20, 2013) (FLSA); *Buchanan v. Homeservices Lending LLC*, 2013 WL 1788579 (S.D. Cal. Apr. 25, 2013); *Coughlin v. Sears Holdings Corp.*, 2010 WL 4403089 (C.D. Cal. Oct. 26, 2010); *Kimoto v. McDonald's Corp.*, 2008 WL 5690536 (C.D. Cal. Aug. 19, 2008); *Perry-Roman v. AIG Retirement Services, Inc.*, 2010 WL 8697061 (C.D. Cal. Feb. 24, 2010); *Velazquez v. Costco Wholesale Corp.*, 2011 WL 4891027 (C.D. Cal. Oct. 11, 2011).

1  (10th Cir. 1999) (court "need not blindly rely on conclusory allegations which parrot Rule 23

2  requirements [and] may . . . consider the legal and factual issues presented by plaintiff's

3  complaints").

4         In conducting its review of a class certification motion, "the trial court must conduct a

5  'rigorous analysis' to determine whether the party seeking certification has met the prerequisites of

6  Rule 23." *Zinser, id; Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2552 (2011) (certification is

7  proper only if "the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule

8  23(a) have been satisfied").

9         "While it is not an enumerated requirement of Rule 23, courts have recognized that 'in

10  order to maintain a class action, the class sought to be represented must be adequately defined and

11  clearly ascertainable.'" *Vietnam Veterans of Am. v. C.I.A.*, 288 F.R.D. 192, 211 (N.D. Cal. 2012)

12  (quoting *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970)).

13      **B.**     **Plaintiffs Have Failed to Articulate an Ascertainable Class Definition Because**
14          **the Class Definition is Fatally Merits Based.**

15         "As a threshold matter, and apart from the explicit requirements of Rule 23(a), the party

16  seeking class certification must demonstrate that an identifiable and ascertainable class exists."

17  *Mazur v. eBay Inc.*, 257 F.R.D. 563, 567 (N.D. Cal. 2009). "A class definition should be precise,

18  objective, and presently ascertainable." *Id.* "A class definition is sufficient if the description of the

19  class is 'definite enough so that it is administratively feasible for the court to ascertain whether an

20  individual is a member.'" *Vietnam Veterans*, 288 F.R.D. at 211. The class definition must be

21  sufficiently definite that it is administratively feasible for the court to determine whether a

22  particular individual is a member. *Hagen v. City of Winnemucca,* 108 F.R.D. 61, 63 (D. Nev.

23  1985). A class definition is insufficient if it would require the court "to pass on the merits of the

24  claim at the class certification stage in order to tell who was included in the class." *Id.* Although

25  the Ninth Circuit has not yet held in a published opinion whether such "failsafe" definitions are

26  permissible, the Court has expressed hostility toward class definitions that are defined in a way that

27  precludes membership until the liability of the defendant is established. *Kamar v. RadioShack*

28  *Corp.*, 375 F. App'x 734, 736 (9th Cir. 2010) (observing that such definitions are "palpably unfair

to the defendant" and "unmanageable"); *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 592-93 (3d Cir. 2012) ("If class members are impossible to identify without extensive and individualized fact-finding or 'mini-trials,' then a class action is inappropriate.").

The class definition proposed in Plaintiffs' TAC is a classic failsafe class definition:

> Pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), Plaintiffs bring this case as a class action on behalf of all Workers who were, are, or will be **employed by Defendant on public works covered by the California Prevailing Wage Law** at any time within the four years prior to the date of the filing of the initial complaint in this action through the date of the final disposition of this action, **and who were not, are not being, and will not be paid at least the prevailing rate of per diem wages on public works projects covered by the California Prevailing Wage Law**.

(TAC, ¶ 37) (emphasis added). Plaintiffs' class definition incorporates the merits of the underlying claims—in other words, to determine which employees are within the class definition, it is necessary first to determine the merits of the claims. Determining who was "not paid at least the prevailing rate of per diem wages on public works projects" is not administratively feasible. Plaintiffs cannot simply refer to existing records and identify which persons worked on covered projects and received less than the prevailing rate of pay. It necessarily entails a detailed and thorough liability analysis. Thus, Plaintiffs have failed to identify a presently ascertainable class and the Court should deny certification.

### C. Plaintiffs Cannot Meet the Requirements of Rule 23(a).

Plaintiffs' failure to set forth an ascertainable class definition is only the first of many reasons why the Court should refuse to certify a class. Indeed, Plaintiffs cannot satisfy any of the elements of Rule 23(a).

#### 1. Plaintiffs Cannot Establish Numerosity Because They Cannot Identify Any Class Members Who Belong to the Proposed Class.

Another consequence of Plaintiffs' merits-based class definition is that it is impossible to determine whether they can meet their burden of showing that the class is so numerous that joinder of all members is impracticable. *See* Fed. R. Civ. P. 23(a)(1). *See Dukes*, 131 S.Ct. at 2551 ("A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to show that there are in fact sufficiently numerous parties . . ."). The

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SIMPLEXGRINNELL'S MOTION TO DENY CLASS CERTIFICATION

failure to present evidence to show numerosity precludes class certification.  *See Black Faculty Ass'n of Mesa College v. San Diego Cmty. College Dist.*, 664 F.2d 1153, 1157 (9th Cir. 1981).  For instance, in *Marcus v. BMW of North America*, 687 F.3d at 596, the Third Circuit found that the district court abused its discretion finding that numerosity existed where the plaintiff provided no specific evidence to prove that anyone other than himself purchased or leased a BMW with Bridgestone Run Flat Tires in New Jersey.

> It is tempting to assume that the New Jersey class meets the numerosity requirement based on the defendant companies' nationwide presence. But the only fact with respect to numerosity proven by a preponderance of the evidence is that Marcus himself is a member of the proposed class. . . . Accordingly, we hold that the District Court abused its discretion by finding the numerosity requirement to be satisfied with respect to the New Jersey class.

*Id.* at 597.

Because Plaintiffs' class definition requires case-by-case analysis based on an audit of each potential class member's work history and identification of work on public works projects over six years, there is no reasonable method of demonstrating numerosity by a preponderance of the evidence.  *See Rodriguez v. Dept. of the Treasury*, 108 F.R.D. 360 (D.D.C. 1985);  *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989) (plaintiffs need not specify exact number in class but cannot rely on conclusory allegations and speculation as to the size of the class); *Nguyen Da Yen v. Kissinger*, 70 F.R.D. 656, 661 (N.D. Cal. 1976) ("plaintiffs must show some evidence of or reasonably estimate the number of class members.  Mere speculation as to satisfaction of this numerosity requirement does not satisfy Rule 23(a)(1)").  For this additional reason, class certification should be denied.

### 2. Plaintiffs Cannot Identify a Common Question of Fact or Law That Will Materially Advance the Litigation in One Stroke.

Rule 23(a)(2) requires that "there are questions of law or fact common to the class."  Fed.R.Civ.P. 23(a)(2). "Commonality requires that the class members' claims 'depend upon a common contention' such that 'determination of its truth or falsity will resolve an issue that is central to the validity of each [claim] in one stroke.'"  *Mazza v. Amer. Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir. 2012) (quoting *Dukes*, 131 S.Ct. at 2551).  "Commonality requires the plaintiff

to demonstrate that the class members 'have suffered the same injury.'" *Dukes*, *id*. "What matters to class certification ... is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation.  Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." *Id*. (italics in original).  Even if Plaintiffs can show that there *may* be violations (though none have been shown in more than two years of litigation), that does not mean that the Plaintiffs are entitled to a class.  Regardless of whether SimplexGrinnell is ultimately found to owe anything to Plaintiffs, that finding (either way) will have no bearing whatsoever on whether SimplexGrinnell owes anyone else.  Class actions are the exception, not the norm. *Dukes*, at 2550.  "To come within the exception, a party seeking to maintain a class action 'must affirmatively demonstrate his compliance' with Rule 23." *Dukes*, 131 S.Ct. at 2551-52.

Plaintiffs cannot establish common questions here, let alone common answers.  Liability determinations in this case would turn on *uncommon* issues involving multiple individualized inquiries.  SimplexGrinnell "is entitled to individualized determinations of each employee's eligibility" for monetary relief. *Dukes* at 2560; *Wang v. Chinese Daily News*, 709 F.3d 829, 836 (9th Cir. 2013).  "In [*Dukes*], the Supreme Court disapproved what it called 'Trial by Formula,' wherein damages are determined for a sample set of class members and then applied by extrapolation to the rest of the class members 'without further individualized proceedings.'" *Wang, id*., quoting *Dukes* at 2561.  Here, Plaintiffs' expert's report provided only rudimentary estimates of the claimed damages arising from alleged prevailing wage violations, using a calculation that fails to account for the highly detailed inquiries needed for accurate calculation of prevailing wages.[2]  He also projected damages for 2007-2011 based on data from 2012, despite that he could not link any of these additional damages to actual prevailing wage projects performed

_____

[2] Although prevailing wage rates vary by location and frequently change, Plaintiff's expert, Robert Fountain, Ph.D., made no effort to determine the correct rates for any particular projects.  Instead, he chose to use average rates which ensured only that his report would routinely apply the wrong pay rate to the projects.  Similarly, Dr. Fountain did not even try to determine whether the thousands of projects included in his analysis actually required the payment of prevailing wages.

during 2007-2011.  (Fountain Dep., 200:20-201:3.)  Such extremely rough estimates are not reliable measurements of damages and an individualized analysis of each class member would yield different numbers.  Plaintiffs' proffered damages model falls far short of what is required under *Dukes* and *Comcast*.  A trial based on Dr. Fountain's report would be an impermissible trial by formula because SimplexGrinnell would not have the ability to challenge the underlying projects.

SimplexGrinnell's right to "litigate its statutory defenses to individual claims" (*Dukes* at 2561) means that at minimum—for each liability determination—there will necessarily be questions such as (1) whether the project was public or private, (2) whether the project exceeded the $1,000 threshold for coverage pursuant to the Labor Code § 1771, (3) which, if any, craft classification applies to the work, (4) the appropriate rates of pay, (5) ascertainment of when the contract was advertised for bid, (6) whether any contracts are under a Charter City exemption or Labor Compliance Program, (7) the amount of time an individual worked on the public project, (8) how much was paid to the employee, and (9) whether he or she received what was owed based on the applicable prevailing wage rate.  The foregoing multiple-step inquiry that the Court would need to undertake is not remotely consistent with *Dukes'* command that for class treatment there be a common contention that can be resolved in one stroke.

### 3. Plaintiffs' Claims Are Not Typical of the Claims of Other Proposed Class Members.

Class certification is also inappropriate because Plaintiffs are not typical.  The "claims or defenses of the representative parties [must be] typical of the claims or defenses of the class." Fed.R.Civ.P. 23(a)(3).  The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts, Corp*., 976 F.2d 497, 508 (9th Cir. 1992) (typicality requires that unnamed plaintiffs have the same or similar injury, based on conduct which is not unique to the named plaintiffs, and a showing that other class members have been injured by the same course of conduct).

Plaintiffs seek to represent a class of SimplexGrinnell employees who allegedly were not paid prevailing wages on public works projects.  Plaintiffs contend they meet the typicality

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SIMPLEXGRINNELL'S MOTION TO DENY CLASS CERTIFICATION

1  requirement because they and the putative class "all have been adversely affected by Defendant's

2  failure to pay the full and correct prevailing rate of per diem wages as required by the California

3  Prevailing Wage Law." *See* TAC (Dkt. 124; ¶ 40).  However, Plaintiffs' discovery responses show

4  that making an accurate determination about their claims will require the court to focus on the

5  individual projects on which they worked.  For example, when Don Bennett discussed the factual

6  basis for his claims, he focused exclusively on facts and projects that pertained only to him.  The

7  following language provides only a small sample of the nine-page supplemental response he

8  provided that sets for Bennett's factual basis for his claims.

> Plaintiff performed eight regular hours of work during the week ending July 31, 2008 and six regular hours of work during the week ending August 7, 2008 at Mountain View High School at 3535 Truman Avenue in Mountain View. He was paid a rate of $30.33 for this work when he should have been paid the 2008-1 Santa Clara County inside wireman basic hourly rate of $44.57. As a result he is owed $199.36 in unpaid wages for these 14 regular hours of work

(Capozzola Decl., Exh. 2.)  The information generated in connection with the litigation over these

projects will not do anything to advance the claims of persons who worked on other projects at

other times.  Thus, the Court should find that Plaintiffs cannot satisfy the typicality requirement

contained in Rule 23(a)(3).  *See, e.g., Till v. Saks Inc.*, 2013 WL 5755671, at *6 (N.D. Cal. Sept.

30, 2013); *Washington v. Joe's Crab Shack*, 271 F.R.D. 629, 637 (N.D. Cal. 2010).

### 4.    Plaintiffs Are Inadequate Class Representatives.

Under the "adequacy" rule, Plaintiffs bear the burden to show that each of them "will fairly

and adequately protect the interests of the class."  Fed.R.Civ.P. 23(a)(4); *see Vinole*, 571 F.3d at

944 n.9 (citing *Zinser, supra*, 253 F.3d at 1186); *Berger v. Compaq Computer Corp.*, 257 F.3d 475,

481 (5th Cir. 2001) (district court erred by shifting the burden of proof to the defendant).  The

adequacy factor has two requirements: (1) that the proposed representative plaintiffs and their

counsel do not have any conflicts of interest with the proposed class; and (2) that the named

plaintiffs and their counsel will prosecute the action vigorously on behalf of the class. *Hanlon,*

*supra*, 150 F.3d at 1020.  Adequacy may also be defeated when litigation "could be overwhelmed

by disposition of unique defenses."  *Deitz v. Comcast Corp.*, 2007 WL 2015440, at *16 (N.D. Cal.

July 11, 2007) (citing *Gartin v. S&M Nutec LLC*, 245 F.R.D. 429, 434 (C.D. Cal. 2007)).

1    In at least two ways, Plaintiffs' attorneys have demonstrated that they will not prosecute the

2    action vigorously on behalf of the proposed class.  First, when they hired their expert in May, 2013,

3    they effectively abandoned all claims relating to work other than testing and inspection, such as

4    installation and repair.  (Fountain Dep., 22:21-23:18.)  Second, they failed to pursue overtime

5    wages.  (Fountain Dep., 111:3-111:6.)

6    **D.    Plaintiffs Cannot Show that Common Questions of Fact or Law Will
          Predominate Over Individualized Issues as They Must Under Rule 23(b)(3).**

7    The recent United States Supreme Court decision in *Comcast Corp. v. Behrend*, 133 S.Ct.

8    1426 (2013) has changed the landscape for class certification under Rule 23(b)(3).  In *Behrend*, the

9    Supreme Court held that the plaintiffs in that case could not "show Rule 23(b)(3) predominance

10   [because] [q]uestions of individual damages calculations will inevitably overwhelm questions

11   common to the class."  *Id*. at 1433.  As a result, the Court held, class certification was improper.

12   *Id*. at 1435.  Shortly after *Behrend* was decided, the Supreme Court confirmed that its holding

13   applies equally to wage and hour class certification decisions like this one.  *RBS Citizens, N.A. v.*

14   *Ross*, 133 S.Ct. 1722 (vacating the Seventh Circuit's opinion and remanding hybrid class and

15   collective action involving overtime claims under FLSA and state minimum wage law "for further

16   consideration in light of *Comcast* ….").

17   In *Behrend*, the Supreme Court found that the Plaintiffs could not establish predominance

18   where the expert report on which they relied was premised on irrelevant theories of liability.  The

19   Court held:

20   
21           [A] model purporting to serve as evidence of damages in this class action must
          measure only those damages attributable to that theory. If the model does not even
22           attempt to do that, it cannot possibly establish that damages are susceptible of
          measurement across the entire class for purposes of Rule 23(b)(3). Calculations
23           need not be exact . . . but at the class-certification stage (as at trial), any model
          supporting a plaintiff's damages case must be consistent with its liability case,
24           particularly with respect to the alleged anticompetitive effect of the violation. And
          for purposes of Rule 23, courts must conduct a rigorous analysis to determine
25           whether that is so.

     *Behrend*, 133 S.Ct. at 1433 (citations and quotes omitted).
26   
27   The same issue plagues Plaintiffs' report.  It is entirely irrelevant to the one theory of

28   liability upon which all of Plaintiffs' claims depend.  Identifying unpaid prevailing wages, for each

1  potential project, requires multiple showings. Dr. Fountain did not even attempt to make these

2  factual showings, and furthermore, his report contained erroneous damages calculations that

3  flowed from his failure to understand the available data. Accordingly, Plaintiffs cannot establish

4  that predominance exists.

5      Here, as in *Behrend*, Plaintiffs' damages claims cannot be determined on a classwide basis.

6  To determine liability, this Court will have to analyze each class member's claims to ascertain,

7  among other things in individual work history audits: (1) whether a project on which the class

8  member performed work was public or private, (2) whether the project exceeded the $1,000

9  threshold for coverage pursuant to the Labor Code § 1771, (3) which, if any, craft classification

10 applies to the work, (4) the appropriate rates of pay, (5) ascertainment of when the contract was

11 advertised for bid, (6) whether any contracts fall under the charter city exemption or Labor

12 Compliance Program, (7) the amount of time an individual worked on the public project, (8) how

13 much was paid to the employee, and (9) whether he or she received what was owed based on the

14 applicable prevailing wage rate. By relying upon a fatally-flawed expert report that glosses over

15 thousands of individualized inquiries, Plaintiffs have attempted to give the false impression that

16 there is very little the jury will need to do. This could not be further from the truth.

17 SimplexGrinnell has the right to defend itself against each of Plaintiffs' individual claims, which

18 means that Plaintiffs will need to present evidence to support their showing, by a preponderance of

19 the evidence, that the projects they worked on actually qualified as "public works" under the

20 Prevailing Wage Law, such that they can form a basis for liability. Thus, "individual damages

21 calculations will inevitably overwhelm questions common to the class." *See Behrend* at 1433.

22     Where, as here, the plaintiff lacks collective proof that can resolve the liability issue on a

23 classwide basis and the court must conduct mini-trials, the courts should deny class certification

24 under Rule 23(b)(3) on manageability grounds. *See Marlo v. United Parcel Service*, 639 F.3d 942,

25 948-49 (9th Cir. 2011) (affirming decertification for lack of Rule 23(b)(3) predominance).

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SIMPLEXGRINNELL'S MOTION TO
DENY CLASS CERTIFICATION

### E. Plaintiffs Cannot Show That a Class Action Is a Superior Method for Resolving the Claims Alleged in the Complaint; Individual Administrative and Civil Actions Are Available.

The Supreme Court has instructed that class certification is an exception to the general rule that litigation may be maintained only by individually named parties. *See Dukes*, 131 S.Ct. at 2550; *Behrend*, 133 S.Ct. *at* 1432. Under Federal Rule 23(b)(3), which imposes just some of the many stringent requirements for a class action, a class action may be maintained only if "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R.Civ.P. 23(b)(3).<u>3</u> If the party seeking certification cannot establish the superiority of a class action over individual claims or alternative joinder mechanisms (such as Federal Rule 20), a court must deny certification. *See Wells Fargo Home Mortgage Litig.*, 571 F.3d 954, 957 (9th Cir. 2009). A class action is not superior if "each class member has to litigate his or her right to recover individually." *Zinser*, 253 F.3d at 1192.

While class actions can be superior "if no realistic alternative exists," *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1232-34 (9th Cir. 1996), Plaintiffs and putative class members pursuing unpaid prevailing wage claims can pursue them through the Labor Commissioner by resort to a "Berman" hearing to seek unpaid wages. *See* Labor Code § 98. That hearing "afford[s] an employee with a meritorious wage claim certain advantages, chiefly designed to reduce the costs and risks of pursuing a wage claim [in court]." *Sonic-Calabasas, Inc. v. Moreno*, 51 Cal.4th 659 679 (2011); *see also Jimenez v. Domino's Pizza*, 238 F.R.D. 241, 253 (C.D. Cal. 2006) (separate suits and administrative hearings are both "viable alternatives"); *see also Nguyen v. BDO Seidman, LLP*, 2009 WL 7742532 (C.D. Cal. Jul. 6, 2009) at *6 (finding no superiority because putative class members "are well-paid employees who are seeking years' worth of overtime back-pay, penalties, and attorney fees"; "This weighs heavily against class certification here, as the putative class members have sufficient monetary incentive to pursue their own claims."); *Lanzarone v. Guardsmark Holdings, Inc.*, 2006 WL 4393465 (C.D. Cal. Sept. 7, 2006) at *5 ("A class action is not the superior means for resolving the instant and varied claims presented. Absent

---

<u>3</u> Plaintiffs seek certification only under Federal Rule 23(b)(3). *See* TAC (Dkt. 124) ¶ 37.

1    class members could bring streamlined individual claims before the California Division of Labor

2    Standards Enforcement ("DLSE"), which routinely handles small, individual wage claims"); *Novak*

3    *v. Home Depot U.S.A., Inc.*, 2009 WL 2634588, at *9 (D.N.J. Aug, 27, 2009) (class action not

4    superior where individual damages could be $25,000 per year).  There are no efficiencies to be

5    gained through the class action procedure where, as here, individual liability determinations are

6    required.  Plaintiffs cannot show that a class action would be superior.

7    **V.        Conclusion**

8            For the foregoing reasons, SimplexGrinnell respectfully requests that the Court grant this

9    instant Motion and enter an order denying class certification.

10

11   DATED:  December 19, 2013                    OGLETREE, DEAKINS, NASH, SMOAK &
                                                 STEWART, P.C.
12

13

14                                               By:  */s/ Dominick C. Capozzola*
                                                      Dominick C. Capozzola
15                                                    Robert R. Roginson
                                                      Carolyn B. Hall
16                                                    Jocelyn A. Merced, *Pro Hac Vice*

17                                               Attorneys for Defendant SimplexGrinnell LP

18

19

20

21

22

23                                                                               16548672.3

24

25

26

27

28
                                             16          Case No. 11-CV-01854-JST (NJV)