UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON C. BENNETT, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SIMPLEXGRINNELL LP,<br><br>    Defendant. | Case No.  11-cv-01854-JST<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING MOTION TO STRIKE AS MOOT**<br><br>Re: ECF No. 137, 175 |

In this action for alleged violations of California's labor laws, Plaintiffs move for partial summary judgment on the issue of whether the stand-alone testing and inspection of fire alarm and sprinkler systems at issue in this action is subject to the payment of prevailing wages under California Labor Code section 1771.[1] Defendant SimplexGrinnell opposes the motion and moves to strike the expert testimony and report of Dr. Nareau, which Plaintiffs filed in support of their motion for partial summary judgment. For the reasons set forth below, Plaintiffs' motion is GRANTED, and Defendants' motion is DENIED AS MOOT.

**I.     BACKGROUND**

    **A.     The Parties and Claims**

Plaintiffs worked as inspectors on public works projects in California as employees of Defendant SimplexGrinnell.[2] Third Am. Compl. ("TAC") ¶ 1, ECF No. 125. SimplexGrinnell designs, engineers, and installs life safety systems, and it employs workers to inspect, test, maintain, repair, and monitor those systems. Id. ¶¶ 14, 19.

Plaintiffs bring this action against SimplexGrinnell on their own behalf and on behalf of

---

[1] To the extent that Plaintiffs seek a determination as to the applicability of section 1771 to testing and inspection work that is not at issue in this action, the motion is DENIED.
[2] Plaintiffs are Don Bennett, Comerlis Delaney, Gary Robinson, Darren Scott, and Jon Hotzler.

others similarly situated for claims arising out of SimplexGrinnell's purported failure to comply with various California labor laws. Plaintiffs assert the following claims in the operative complaint: (1) failure to pay prevailing wages in violation of California Labor Code sections 1720-1861; (2) failure to pay wages owed upon termination in violation of California Labor Code section 203; (3) unfair competition in violation of California Business and Professions Code section 17200; and (4) a claim for penalties under the California Private Attorney General Act.

### B. Undisputed Facts

Simplex installs and services fire alarm and sprinkler systems for public and private customers. Gilbride Decl., Ex. 4, Goodrich Dep. at 16:14-17:13. SimplexGrinnell performs work for public customers, including inspecting, testing, and servicing of fire alarms and sprinkler systems, but only after it has submitted a bid on a contract and the bid has been accepted by a public customer. Id. at 16:14-17:13; 25:3-28:11; Gilbride Decl., Ex. 5, Ochoa Dep. at 28:17-29:23. The vast majority of the inspections performed by SimplexGrinnell are performed pursuant to preventative maintenance agreements ("PMAs"), which are negotiated contracts that cover testing and inspection over a fixed period of time, as well as labor, parts, and servicing of the systems if the inspection reveals a problem. Gilbride Decl., Ex. 6, Shaffer Dep. at 44:13-16; Ochoa Dep. at 28:20-29:9. SimplexGrinnell's inspectors perform stand-alone testing and inspection work under the PMAs. Gilbride Decl., Ex. 7, Bernot Dep. at 32:14-33:1. SimplexGrinnell does not pay these inspectors prevailing wages for the stand-alone testing and inspection work.[3] Ochoa Dep. at 125:17; Gilbride Decl., Ex. 13, CA PW SOPs at SGCA360573 & SGCA360582 (Simplex's Standard Operating Procedures for California Prevailing Wage Law Compliance) (providing that "[a]t this time, PMA sales that are strictly test and inspection only, are not subject to the payment of prevailing wage").

### C. Jurisdiction

The Court has jurisdiction over this action under 28 U.S.C. § 1332(d).

---

[3] By contrast, SimplexGrinnell's technicians and other employees who perform more labor-intensive five-year inspections are paid the applicable prevailing wage rates. Ochoa Dep. at 125:14-16.

2

## II. LEGAL STANDARD

Summary judgment or partial summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, and it is material only if the fact may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir.1997). A court must draw all reasonable inferences in the light most favorable to the non-moving party. Johnson v. Rancho Santiago Cmty. Coll. Dist., 623 F.3d 1011, 1018 (9th Cir. 2010).

Where the party moving for summary judgment would bear the burden of proof at trial, that party bears the initial burden of producing evidence that would entitle it to a directed verdict if uncontroverted at trial. See C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc., 213 F.3d 474, 480 (9th Cir. 2000). Where the party moving for summary judgment would not bear the burden of proof at trial, that party bears the initial burden of either producing evidence that negates an essential element of the non-moving party's claim, or showing that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. If the moving party satisfies its initial burden of production, then the non-moving party must produce admissible evidence to show that a genuine issue of material fact exists. See Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102-03 (9th Cir. 2000).

The non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996). Indeed, it is not the duty of the district court to "to scour the record in search of a genuine issue of triable fact." Id. "A mere scintilla of evidence will not be sufficient to defeat a properly supported motion for summary judgment; rather, the nonmoving party must introduce some significant probative evidence tending to support the complaint." Summers v. Teichert & Son, Inc., 127 F.3d 1150, 1152 (9th Cir. 1997) (citation and internal quotation marks omitted). If the non-moving party fails

3

to make this showing, the moving party is entitled to summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

## III. ANALYSIS

Plaintiffs move for partial summary judgment on the issue of whether the stand-alone testing and inspection of fire alarm and sprinkler systems at issue in this action ("the work at issue") is subject to the payment of prevailing wages under California Labor Code section 1771.

SimplexGrinnell argues that the motion must be denied for two reasons: (1) the work at issue is not subject to section 1771 because it does not fall within the definition of "public works" under section 1720(a) of the Labor Code; (2) Plaintiffs are barred from seeking judicial relief in connection with SimplexGrinnell's purported failure to pay prevailing wages for the work at issue because they have failed to show that the Director of the Department of Industrial Relations ("the Director") determined at some point that the work at issue is subject to the prevailing wage laws.

As will be discussed below, the Court concludes that the work at issue is subject to the payment of prevailing wages under section 1771.

### A. Maintenance Work is Subject to Prevailing Wages under Section 1771

The relevant prevailing wage law is codified as California Labor Code section 1771. It provides that:

> Except for public works projects of one thousand dollars ($1,000) or less, not less than the general prevailing rate of per diem wages for work of a similar character in the locality in which the public work is performed, and *not less than the general prevailing rate of per diem wages for holiday and overtime work fixed as provided in this chapter, shall be paid to all workers employed on public works*.
>
> This section is applicable only to work performed under contract, and is not applicable to work carried out by a public agency with its own forces. *This section is applicable to contracts let for maintenance work.*

Cal. Labor Code § 1771 (emphasis added).

The plain language of section 1771 makes clear that, to be subject to prevailing wages, the work at issue, among other things, must be performed in connection with a public work.

Plaintiffs contend that the work at issue is covered by section 1771 because that section

4

expressly applies to "maintenance work," which they claim is a type of public work. Plaintiffs argue that the stand-alone testing and inspection of fire alarm and sprinkler systems is maintenance work within the meaning of section 1771.

SimplexGrinnell contends that maintenance work does not fall within the scope of section 1771, because such work is not a "public work" as defined by section 1720(a). That section of the California Labor Code lists various types of work that constitute "public work." The statute provides:

> (a) As used in this chapter, "public works" means:
>
> (1) *Construction, alteration, demolition, installation, or repair work done under contract and paid for in whole or in part out of public funds*, except work done directly by any public utility company pursuant to order of the Public Utilities Commission or other public authority. For purposes of this paragraph, "construction" includes work performed during the design and preconstruction phases of construction, including, but not limited to, inspection and land surveying work. For purposes of this paragraph, "installation" includes, but is not limited to, the assembly and disassembly of freestanding and affixed modular office systems.
>
> (2) Work done for irrigation, utility, reclamation, and improvement districts, and other districts of this type. "Public work" does not include the operation of the irrigation or drainage system of any irrigation or reclamation district, except as used in Section 1778 relating to retaining wages.
>
> (3) Street, sewer, or other improvement work done under the direction and supervision or by the authority of any officer or public body of the state, or of any political subdivision or district thereof, whether the political subdivision or district operates under a freeholder's charter or not.
>
> (4) The laying of carpet done under a building lease-maintenance contract and paid for out of public funds.
>
> (5) The laying of carpet in a public building done under contract and paid for in whole or in part out of public funds.
>
> (6) Public transportation demonstration projects authorized pursuant to Section 143 of the Streets and Highways Code.

Cal. Labor Code § 1720(a) (emphasis added).

Section 1720(a)'s broad definition of "public work" applies to various chapters of the California Labor Code. Notably, it does not include "maintenance work" as a type of work that falls within the definition of "public work."

5

1  The issue before the Court is whether maintenance work must fall within one of the
2  categories listed in section 1720(a) in order to qualify as "public work" that can be subject to the
3  payment of prevailing wages under section 1771.

4  SimplexGrinnell contends that section 1720 contains an exhaustive list of work that
5  qualifies as "public work," and for that reason, maintenance work cannot be covered by section
6  1771 unless it is performed in connection with a "public work" as defined by section 1720.
7  Specifically, SimplexGrinnell argues that the only category of "public work" under which the
8  maintenance work at issue in this action could fall is the first one, which defines public works as
9  involving the "construction, alteration, demolition, installation, or repair work." See Cal. Lab.
10 Code § 1720(a)(1). According to SimplexGrinnell, therefore, the work at issue must involve
11 construction, alteration, demolition, installation, or repair work within the meaning of section
12 1720(a)(1)—which SimplexGrinnell refers to as "construction-related" activity—to be subject to
13 the payment of prevailing wages under section 1771. SimplexGrinnell contends that the testing
14 and inspection of fire alarm and sprinkler systems does not involve construction-related activity,
15 and as such, it is not "public work" covered by section 1771.

16 The Court concludes that SimplexGrinnell's reading of the relevant statutes is not
17 supported by the text and structure of the California Labor Code, or by the California Court of
18 Appeal's interpretation of the Labor Code, all of which demonstrate that section 1720(a)(1) is not
19 meant to serve as an exhaustive definition of "public work." Accordingly, SimplexGrinnell's
20 reading of the relevant statutes must be rejected.

21 First, several sections of the Labor Code other than section 1720(a), including sections
22 pertaining specifically to prevailing wages, contain their own definition of "public work." See,
23 e.g., Cal. Lab. Code. § 1771.7(b) (defining public works in the context of the Kindergarten-
24 University Public Education Facilities Bond Act); Cal. Lab. Code § 1720.3 (defining "public
25 works" in the context of the payment of wages); Cal. Lab. Code § 1720.4 (same); Cal. Lab. Code
26 § 1771.5 9 (discussing "public works" in the context of prevailing wages as including
27 "maintenance work"). This shows that the definition of public work changes depending on
28 context and that section 1720(a)'s definitional list is not all-inclusive.

Second, in the context of prevailing wages, "maintenance work" is expressly described in the Labor Code as a type of "public work" subject to prevailing wages under section 1771. See, e.g., Cal. Lab. Code § 1771.5 (permitting awarding body not to require the payment of prevailing wages for "any *public works* project of fifteen thousand dollars ($15,000) or less when the project is for alteration, demolition, repair, *or maintenance work*") (emphasis added). This categorical description of "maintenance work" as "public work," without any further qualification, undermines SimplexGrinnell's contention that maintenance work cannot constitute "public work" unless it involves construction-related activity.

Third, the California Court of Appeal recently and expressly held that an activity need not fall within the scope of section 1720(a) to be subject to prevailing wages under section 1771. In Reliable Tree Experts v. Baker, 200 Cal. App. 4th 785 (2011), the California Court of Appeal squarely rejected the argument that SimplexGrinnell makes here, namely that maintenance work does not qualify as "public work" subject to prevailing wages when it does not involve "[c]onstruction, alteration, demolition, installation, or repair work" under section 1720(a). Id. at 795. The court held that "sections 1720 and 1771 *both* define the scope of what constitutes a 'public work,'" because "the scope of the Prevailing Wage Law is not to be ascertained solely from the words of section 1720, subdivision (a)(1)," as "[s]ection 1771 is also a part of the Prevailing Wage Law, and its language must also be taken into account." Id. (emphasis added). The Court further held that, though "[s]ection 1720 may not expressly include maintenance work within the definition of public work," maintenance work constitutes public work subject to prevailing wages because "section 1771 does" expressly define maintenance work as public work. Id. at 796. Indeed, the court held that, under the plain language of section 1771, "maintenance work is within the general definition of public works." Id.

SimplexGrinnell attempts to distinguish Reliable Tree based on the notion that, in that case, the activity at issue involved construction, whereas here, the work at issue does not. Opp'n at 19-20. SimplexGrinnell's argument fundamentally misunderstands the facts and the holding in Reliable Tree. The court in Reliable Tree never considered whether the work at issue had anything to do with construction, because this determination was unnecessary to the resolution of

7

the issue before it, namely whether maintenance work is subject to prevailing wages regardless of whether it also falls within the scope of section 1720.  As discussed above, the court held that maintenance work categorically *is* a form of "public work" that is subject to prevailing wages. After concluding that maintenance work of all types is subject to prevailing wages, the only factual determination that the court had to make was to determine whether the work at issue, namely the pruning and removal of trees, constituted maintenance work.  The held found that it did.

Accordingly, the Court concludes that maintenance work is public work subject to prevailing wages under section 1771.[4]

### B.     The Work at Issue Is Maintenance Work within the Meaning of Section 1771

The Court now must determine whether the work at issue constitutes "maintenance work" within the meaning of section 1771.

In making this determination, the Court looks to the definition of "maintenance" found in the regulations promulgated by the Director to implement the prevailing wage laws, namely Regulation 16000, because such regulations are entitled to deference by the courts.  See Reliable Tree, 200 Cal. App. 4th at 797 (holding that Director's interpretation of the term "maintenance . . . is entitled to some deference").

Regulation 16000, which defines various terms used in the prevailing wage statutes, defines "maintenance" as:

> (1) *Routine, recurring and usual work for the preservation, protection and keeping of any publicly owned or publicly operated facility (plant, building, structure, ground facility, utility system or any real property) for its intended purposes in a safe and continually usable condition for which is has been designed, improved, constructed, altered, or repaired.*
>
> (2) Carpentry, electrical, plumbing, glazing, [touchup painting,] and other craft work designed to preserve the publicly owned or publicly operated facility in a safe, efficient, and continuously usable condition for which it was intended, including repairs, cleaning and other operations on machinery and other equipment permanently attached to the building or realty as fixtures.

---

[4] The Court also finds that section 1771's legislative history, as well as the regulations implementing the prevailing wage statutes, also support this conclusion.

8

> Exception: 1: Janitorial or custodial services of a routine, recurring or usual nature is excluded.
>
> Exception: 2: Protection of the sort provided by guards, watchmen, or other security forces is excluded.
>
> (3) Landscape maintenance. See Public Contract Code Section 21002.
>
> Exception: Landscape maintenance work by "sheltered workshops" is excluded.

8 Cal. Code Regs. § 16000 (emphasis added).

Plaintiffs argue that the work at issue meets each element of the definition of "maintenance" under subsection (1) of Regulation 16000. As will be discussed below, Plaintiffs satisfy their burden to show that the work at issue is (1) routine, recurring and usual work; (2) for the preservation, protection and keeping of any publicly owned or publicly operated facility for its intended purposes; and (3) in a safe and continually usable condition for which it has been designed.

### 1. Routine, Recurring, and Usual

To satisfy the first element of the definition of "maintenance work" under Regulation 16000, the work must be "routine, recurring and usual." In determining whether this element is satisfied, courts look to the nature and frequency of the work at issue, as opposed to the terms of the contract under which it was performed. Reliable Tree, 200 Cal. App. 4th at 798.

Here, Plaintiffs show that the testing and inspection at issue occurred according to a schedule set either by the regulations of the State Fire Marshal or by the PMA containing the terms of the work. See Shaffer Dep. at 43:12-22, 88:5-16; Schoaf Dep. at 103:15-17; 103:18-104:4; Ochoa Dep. at 115:10-23. Accordingly, the first element is met.

### 2. Preservation and Protection

To qualify as "maintenance work," the work also must relate to the "preservation, protection and keeping of any publicly owned or publicly operated facility for its intended purposes[.]"

Here, Plaintiffs show that the purpose of the testing and inspection at issue was to ensure

that the systems being tested functioned as intended. Schoaf Dep. at 76:7-10; Bernot Dep. at 117:17-19, 108:7-21. As such, the second element is satisfied, as well.

### 3. Safe and Usable Condition

Finally, to satisfy the last element, Plaintiffs must show that the work at issue was performed to ensure the safety and usability of the facility. Plaintiffs point to sufficient facts to show that this element is met. See, e.g., Ochoa Dep. at 108:14-17 (confirming that testing and inspection is necessary to ensure the building is safe to use); Schoaf Dep. at 122:22-123:4 (agreeing that a building might be unsafe if the fire alarm and sprinkler system have not been properly inspected); Shaffer Dep. at 79:11-17 (purpose of testing and inspection is to ensure that system is operating properly as well as complying with law).

In its opposition, SimplexGrinnell does not cite to any evidence that would raise a genuine issue of material fact with respect to any of these elements. See Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996) (holding that the party opposing a motion for summary judgment must "identify with reasonable particularity the evidence that precludes summary judgment"). Instead, SimplexGrinnell states conclusorily and without explanation that a "triable issue of fact" exists with respect to whether the work at issue constitutes "maintenance" because "the testing and inspection of fire alarms differs significantly from the testing and inspection of sprinkler systems" and because "SimplexGrinnell's testing and inspection services merely alert the building owner whether the system is operating properly." Opp'n at 24. These conclusory statements are insufficient to create a triable issue of material fact.

Accordingly, because the work at issue constitutes "maintenance work" within the meaning of section 1771, Plaintiffs' motion for partial summary judgment is GRANTED.

### C. The Absence of a Determination by the Director as to Coverage or as to the Rate of Prevailing Wages Does Not Preclude this Action

SimplexGrinnell argues that Plaintiffs' motion must be denied because Plaintiffs have not shown that the Director previously determined that prevailing wages apply to the work at issue or established the wage rates that would apply to such work. SimplexGrinnell contends that the absence of any determination by the Director with respect to the work at issue deprives this Court

10

of authority to decide whether the work at issue is subject to prevailing wages under section 1771. SimplexGrinnell further contends that a determination as to the applicability of the prevailing wage laws at this stage would defeat the purpose of the prevailing wages scheme, which, according to SimplexGrinnell, is to provide notice to all parties of the applicability of the prevailing wage statutes.

As will be discussed below, SimplexGrinnell's arguments misunderstand the purpose and substance of the prevailing wage statutory scheme and therefore must be rejected.

Prior to entering into a contract for work that is subject to prevailing wages, the public entity awarding a contract for public work is required to petition the Director to determine the applicable prevailing wages for that project. See Cal. Lab. Code § 1773. Once this occurs, the Director is responsible for determining the rate of prevailing wages for any craft, classification, or type of worker involved in the project, which the Director typically does by considering the wage rates established by collective bargaining agreements within the particular locality See Cal. Lab. Code §§ 1770, 1773. The awarding body then must specify the general rate for each type of worker in the call for bids for the contract, in the bid specifications, and in the contract itself. See Cal. Lab. Code § 1773.2. Once the contract is awarded, the contractor is required to "pay not less than the specified prevailing rates of wages to all workmen employed in the execution of the contract." Cal. Lab. Code § 1774. At any point in the process, any interested party may ask the Director to make a determination as to whether "a specific project or type of work" is subject to the prevailing wage statutes. 8 Cal. Code Regs. § 16001.

Here, the contracting parties never requested a determination from the Director, either as to the applicability of the prevailing wage statutes or as to the prevailing wage rate that would apply to the work at issue.[5] For that reason, the contracts governing the work at issue do not state that

---

[5] Accordingly, SimplexGrinnell's reliance on Sheet Metal Workers Int'l Ass'n, Local Union No. 104 v. Rea, 153 Cal. App. 4th 1071, 1082-83 (2007), is misplaced. In that case, the California Court of Appeal held that an interested party that disagrees with the prevailing wage rate set by the Director but that fails to challenge that determination within 20 days is barred from instituting a subsequent judicial action. This case has no bearing on the issues before the court, because here, the Director never determined the applicable wage rates.

11

such work is subject to the prevailing wage statutes or state the rate of prevailing wages that would apply to such work. Nevertheless, the contracting parties' failure to seek a determination from the Director and to state in the contracts the requisite prevailing wage information does not bar Plaintiffs from seeking redress in court for SimplexGrinnell's failure to pay them prevailing wages in connection with the work at issue.

The California Court of Appeal has held that "[t]he duty to pay prevailing wages is mandated by statute and is enforceable independent of an express contractual agreement." Rd. Sprinkler Fitters Local Union No. 669 v. G & G Fire Sprinklers, Inc., 102 Cal. App. 4th 765, 779, (2002). This is because the express language of section 1771 "is not limited to those workers whose employers have contractually agreed to pay the prevailing wage; it applies to '*all* workers employed on public works.'" Lusardi Constr. Co. v. Aubry, 1 Cal. 4th 976, 987 (1992) (emphasis in original). As such, all employees have a "private statutory right to recover unpaid prevailing wages from an employer who fails to pay that minimum wage" under California Labor Code section 1194.

The California Court of Appeal has held that an employee has the right to sue an employer under section 1194 for failing to pay prevailing wages even though the employer and the public entity that awarded the contract did not "includ[e] in the contract language requiring compliance with the prevailing wage law." Id. In so holding, the court reasoned that:

> To construe the prevailing wage law as applicable only when the contractor and the public entity have included in the contract language requiring compliance with the prevailing wage law would encourage awarding bodies and contractors to legally circumvent the law, resulting in payment of less than the prevailing wage to workers on construction projects that would otherwise be deemed public works. To allow this would reduce the prevailing wage law to merely an advisory expression of the Legislature's view.

Id. at 987-88; see also Division of Lab. Stds. Enforcement v. Ericsson Information Systems, Inc., 221 Cal.App.3d 114, 126 (1990) ("The failure to request a special determination was the fault of the [awarding body] and/or the contractor; it was not the fault of the workers whom the prevailing wage laws were designed to protect.").

In light of this authority, and in light of the purpose of the prevailing wage laws, which is

12

to "protect and benefit employees on public works projects," Plaintiffs have the absolute right to sue SimplexGrinnell for its failure to pay them prevailing wages for the work at issue even if the contracts under which the work was performed did not state that prevailing wages would apply to such work, and even if the contracting parties never sought a determination from the Director as to the applicability of the prevailing wage law.[6]  See City of Long Beach v. Dep't of Indus. Relations, 34 Cal. 4th 942, 949-50 (2004) (holding that "[t]he overall purpose of the prevailing wage law is to protect and benefit employees on public works projects" and the law must be construed liberally in light of such purpose).

## IV. MOTION TO STRIKE

Simplex moves to strike the testimony and report of Dr. Douglas Nareau, which Plaintiffs filed in support of their motion for partial summary judgment, on the ground that the testimony and report do not comply with Federal Rule of Civil Procedure 26(a)(2)(B), Federal Rules of Evidence 702 and 403, and other applicable rules.

Plaintiffs oppose the motion, arguing that the testimony and report at issue comply with all applicable rules.  Plaintiffs note that they seek to introduce the testimony and report in connection with two issues: (1) whether the construction industry customarily pays prevailing wages for testing and inspection work on fire alarm and sprinkler systems, which is relevant to the instant motion for partial summary judgment; and (2) the determination of the prevailing wage rates that are customarily paid for such work in the construction industry, which is pertinent to damages calculations.

Because the Court did not rely on the expert testimony or report of Dr. Nareau in resolving Plaintiffs' motion for partial summary judgment, the motion to strike is DENIED AS MOOT.  Defendants may renew the motion later in the litigation in the event that Plaintiffs seek to rely on Dr. Nareau's expert testimony for damages calculations.

/ / /

---

[6] To the extent the applicable rates of prevailing wages are in question, the Court has the authority to determine the appropriate rate at trial. See Ericsson, 221 Cal. App. 3d at 129 ("[I]n the event of trial, the trial court shall be the fact finder to determine the appropriate wage rate for the workers whose wages are in dispute[.]").

13

## V. CONCLUSION

Plaintiffs' motion for partial summary judgment on the issue of whether stand-alone testing and inspection of fire alarms and sprinkler systems is subject to California's prevailing wage laws is GRANTED. Defendants' motion to strike Dr. Nareau's testimony is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: March 5, 2014

_____
JON S. TIGAR
United States District Judge