UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON C. BENNETT, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SIMPLEXGRINNELL LP,<br><br>    Defendant. | Case No. 11-cv-01854-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ENFORCE A COURT ORDER**<br><br>Re: ECF No. 204 |

In this action for alleged violations of California's labor laws, Defendant SimplexGrinnell moves to strike portions of the second revised expert report of Dr. Robert Fountain, Plaintiffs' damages expert, on the ground that the report violates this court's order of January 21, 2014. SimplexGrinnell also moves for an award of the attorney's fees and costs it incurred in connection with Plaintiffs' purported failure to comply with the stipulation. Plaintiffs oppose the motion. For the reasons set forth below, the request to strike the report is GRANTED but the request for attorney's fees and costs is DENIED.

I.  **BACKGROUND**

This action arises out of Defendants' purported failure to pay Plaintiffs prevailing wages and wages owed upon termination in violation of various provisions of the California Labor Code. A detailed summary of the factual and procedural history of this action can be found in this court's order of March 5, 2014. See ECF No. 199.

The present dispute arises out of Plaintiffs' purported failure to comply with a court order embodying a stipulation that barred Plaintiffs from making any additional revisions to Dr. Fountain's expert report. After the parties discovered errors in Dr. Fountain's original report during Dr. Fountain's deposition, Plaintiffs served a revised expert report by Dr. Fountain without leave of court. In lieu of filing a motion to strike the revised report, SimplexGrinnell offered not

1  to challenge the revised report in exchange for Plaintiffs' agreement not to make any further
2  revisions to the report, except for the elimination of "approximately 800 rows of 'ACE data' used
3  in Dr. Fountain's original report." ECF No. 192 at 1.  Plaintiffs agreed and signed a stipulation
4  that provides as follows:

> Defendant agrees not to file a motion to strike the Revised Report, and further, it agrees to accept a Second Revised Report that makes one additional change to the Revised Report, namely, it eliminates approximately 800 rows of "ACE data" used in Dr. Fountain's original report
>
> . . .
>
> Plaintiffs agree that, irrespective of what they learn at Dr. Fountain's second deposition, or at any other time in the course of this litigation, any further revisions to Dr. Fountain's report shall be grounds for striking the report, except that Dr. Fountain can apply the same methodology, programs and techniques to any new data that is provided by SimplexGrinnell, as the case gets closer to trial, to address any work performed beyond the last date for which Dr. Fountain has been able to complete his analysis . . .

Id. at 1-2.  The Court entered an order approving the stipulation on January 21, 2014.  Id. at 4.

A few days later, Plaintiffs served a second revised report ("the report at issue"), which SimplexGrinnell claims contains "a wide array of unauthorized revisions" and which had the effect of increasing the damages calculations by $66,000.  Among these unauthorized revisions are (1) the removal of 1,607 of rows of data that previously had been used to offset the damages owed to inspectors; (2) changing the section of his code that calculated the rates of pay for noninspectors; (3) changing the method for calculating interest for damages allegedly incurred by noninspectors; and (4) changing the method for calculating a "global" average pay rate that he used to fill in missing pay rates where he had no other information available.  Dr. Fountain admitted during his second deposition that he made these changes to the report.

//
//
//
//

**II.     LEGAL STANDARD**

"[A] district court has the inherent power to sanction for: (1) willful violation of a court order; or (2) bad faith. A determination that a party was willfully disobedient is different from a finding that a party acted in bad faith. Either supports the imposition of sanctions." <u>Evon v. Law Offices of Sidney Mickell</u>, 688 F.3d 1015, 1035 (9th Cir. 2012).

**II.     DISCUSSION**

SimplexGrinnell moves for an order striking the report at issue on the ground that it violates the stipulation and order entered on January 24, 2014, and for an award of the attorney's fees and costs it incurred in connection with Dr. Fountain's second deposition and the filing of this motion, both of which were precipitated by Plaintiffs' purported violations of the January 21 order. Mot. at 4.

Plaintiffs oppose the motion. First, Plaintiffs argue that the revisions at issue comply with the stipulation, because the stipulation gave discretion to Dr. Fountain to replace the erroneous ACE data in a way he saw fit. Dr. Fountain chose to replace the erroneous ACE data with the raw ACE data, which in turn resulted in three "unintentional[]" corrections to the code. Opp'n at 12. Plaintiffs contend that these "inadvertent" corrections were "all part" of the "single change to the report" because they were "consistent with the text of the report and his overriding methodology" and "flowed" from the need to incorporate the raw ACE data. Opp'n at 12-13. Plaintiffs also argue that it was "neither feasible nor effective" to simply delete the 800 lines of ACE data referenced in the stipulation. <u>Id.</u> at 13.

Second, Plaintiffs contend that the stipulation's prohibition on further revisions to the expert report were intended to address revisions based on "the discovery of additional information in the future" and not the revisions at issue in this motion. <u>Id.</u> at 13-14.

Finally, Plaintiffs argue that an order striking the report and awarding sanctions is unwarranted even if the report does violate the stipulation, because Rule 26(e) permits the types of corrections at issue.

The court concludes that the report at issue violates the plain terms of its January 24 order. The changes that Dr. Fountain made to the report involved more than just deleting the 800 rows of

3

data, which was the only modification to the report that the stipulation and order permitted. Indeed, these changes involved replacing the data set that Dr. Fountain used, as well as changing the formulas he used to calculate damages in at least three different ways. Importantly, Plaintiffs' counsel have admitted that the changes to the damages formulas "do[] not stem from the deletion of the extra 811 rows." See Capozzola Decl., Ex. 9 at 4. In light of this admission, and in light of the unambiguous terms of the court's order, the court is not persuaded that the changes to the formulas were "inadvertent," or that they comply with the parties' stipulation.

To the extent that Plaintiffs' believe that these changes were necessary in order to effectuate the deletion of the 800 rows of data, they should have entered into a stipulation that gave them that right. Plaintiffs did not do so. The court has a duty to enforce the agreement that the parties actually reached and that is embodied in the January 24 order, not an agreement that Plaintiffs, in retrospect, wish they had made.

Finally, the court rejects Plaintiffs' contention that the revisions at issue are permissible under Rule 26(e). Absent a court order, that rule permits revisions to disclosures, such as expert reports, only when

> the party learns that in some material respect the disclosure is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]

Fed. R. Civ. P. 26(e)(1).

Here, the duty to supplement under Rule 26(e) was never triggered because the deficiency in Dr. Fountain's expert report, namely the one pertaining to the 800 rows of data, was made known to SimplexGrinnell during the discovery process, primarily through Dr. Fountain's deposition. As such, the corrections at issue are not justified by Rule 26(e). See 8A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 2049.1 (3d ed.) ("As with disclosures pursuant to Rule 26(a), formal discovery responses need to be supplemented only if they were incomplete or incorrect 'in some material respect,' and s*upplementation or correction is not required if the added information has been made known to the other parties during the discovery process* or in writing.") (emphasis added).

4

Defendant's motion to strike the report therefore is GRANTED. Plaintiffs may serve a revised report by Dr. Fountain in which the 800 rows of data at issue are replaced with the raw ACE data. This report, however, may not contain any of the other disputed modifications to the formulas.

SimplexGrinnell's motion for monetary sanctions is DENIED. The order striking the report at issue is a sufficient sanction for Plaintiffs' violation of the court's order.

**IT IS SO ORDERED.**

Dated: June 8, 2014

_____
JON S. TIGAR
United States District Judge

5