UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON C. BENNETT, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>SIMPLEXGRINNELL LP,<br><br>　　　　Defendant. | Case No. 11-cv-01854-JST<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: ECF No. 227 |

In this proposed class action for alleged violations of California's labor laws, the court granted partial summary judgment in Plaintiffs' favor on March 5, 2014, on the issue of whether the stand-alone testing and inspection of fire alarm and sprinkler systems at issue in this action is subject to the payment of prevailing wages under California Labor Code section 1771. See ECF No. 199.

Defendant now moves for an order certifying that the court's March 5, 2014 ("the order"), is appropriate for interlocutory appeal as to the ruling that stand-alone testing and inspection of fire alarm and sprinkler systems are subject to the payment of prevailing wages under California Labor Code section 1771. Defendant contends that the order resolves a novel and critical issue of statutory and regulatory interpretation of the California Prevailing Wage Law ("PWL"), because it involves a controlling question of law as to which there is substantial ground for difference of opinion and because resolution of those questions on interlocutory appeal may materially advance the termination of this litigation.

Plaintiffs oppose the motion. They contend that Defendant unduly delayed in filing this motion, and that this delay is sufficient to deny the motion. They also contend that the motion fails on the merits, because it does not establish the presence of an "exceptional situation" that

calls for a departure from the "normal rule" of appealable final judgments given that (1) there is not substantial ground for difference of opinion as to the order, and (2) an appeal of this issue will delay the litigation without advancing the ultimate termination of the litigation. Plaintiffs also argue that Defendant's motion is merely another attempt to re-litigate the issues raised in connection with Plaintiffs' motion for partial summary judgment.

## I. LEGAL STANDARD

A district court may certify an appeal of an interlocutory order only if three factors are satisfied: (1) the issue to be certified must involve a "controlling question of law," (2) there must be "substantial ground for difference of opinion" on the issue, and (3) it must be likely that an interlocutory appeal will "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1067 n.6 (9th Cir. 2002).

## II. DISCUSSION

The court concludes that SimplexGrinnell has failed to show that either (1) a substantial ground for difference of opinion exists on the issue of whether the stand-alone testing of fire alarm and sprinkler systems at issue in this litigation is subject to prevailing wages, or (2) the interlocutory appeal of this issue will materially advance this litigation.[1] Accordingly, SimplexGrinnell's motion will be DENIED.

### A. Substantial Difference of Opinion

Courts determine whether there is a "substantial ground for difference of opinion" by examining "to what extent the controlling law is unclear." Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010). "[A] party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.'" Id. (quotation omitted). It is also the case that "'the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion.'" Id. at 634 (citation

---

[1] No party disputes that the issue of whether the stand-alone testing of fire alarm and sprinkler systems at issue is subject to prevailing wages is a controlling question of law.

2

omitted).

"Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." Id. at 633.  Nevertheless, an issue of first impression may, under certain circumstances, be appropriate for interlocutory review.  "A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed.  Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011).

This case presents neither "a substantial ground for difference of opinion" nor "a novel and difficult question of first impression."  As to the first point, Defendant has failed to cite a single case that conflicts with the holding in the order at issue, and it has failed to point to any split on the question of whether periodic testing and inspection of fire alarms and sprinklers is covered by the prevailing wage statute.[2]  Nor has it cited any appellate authority, state or federal, that applies the statute on similar facts.  Given this lack of ambiguity, as well as the relatively straightforward nature of the question of whether the testing and inspection work in this litigation is covered by the prevailing wages statute, the court cannot conclude that reasonable jurists might disagree as to the resolution of that issue.  See Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010) ("[A] party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.'").

As to the second point, Defendant originally argued that the case presents an important statutory interpretation question of first impression.  ECF No. 227 at pp. 5-7 (describing "undisputed precise controlling question of law as to a novel and difficult issue of first

---

[2] In its motion, Defendant states that "other applicable authorities support a conclusion that stand-alone testing and inspection tasks do not trigger the payment of prevailing wages," ECF No. 227 at p. 7, but it does not cite any such authorities.

3

impression"). On reply, however, Defendant acknowledges that this Court was not interpreting California's prevailing wage law in a vacuum, but rather applying the California Court of Appeal's decision in Reliable Tree Experts v. Baker, 200 Cal. App. 4th 785, 797 (2011). Defendant may disagree with this Court's application of Reliable Tree Experts, and subsequent courts may apply it differently. But the issue is not so novel or difficult that interlocutory appeal is appropriate.

### B. Materially advancing the litigation

Permitting interlocutory review would not expedite this litigation. To the contrary, it would produce the opposite effect, because an interlocutory appeal would interfere with existing case deadlines. Given that this action has been pending for more than three years, this cost weighs significantly against interlocutory review.

Defendant contends that this factor is satisfied because the issue of prevailing-wages coverage "has undeniable impact on all contractors and companies operating in California." Reply at 3-4. The relevant question is not whether the interlocutory appeal would have a positive effect on *other* litigants, but rather, whether the appeal would materially advance *this* litigation. The court finds that it would not.

### CONCLUSION

Accordingly, SimplexGrinnell's motion is DENIED.

**IT IS SO ORDERED.**

Dated: August 25, 2014

_____
JON S. TIGAR
United States District Judge

4