1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7   DON C. BENNETT, et al.,

Plaintiffs,

Case No.  11-cv-01854-JST

8

v.

9

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

SIMPLEXGRINNELL LP,

10

Defendant.

Re: ECF No. 264

11

12          Before the Court is an unopposed Motion for Preliminary Approval of Class Action

13   Settlement filed by proposed class representative Plaintiffs Darren Scott, Jon Hotzler, Gary

14   Backlund, and Jose Valdez.  ECF No. 264.  For the reasons discussed below, the Court will

15   preliminarily approve the class action settlement, subject to one modification; conditionally certify

16   the proposed settlement class; appoint class representatives and class counsel; approve and direct

17   the distribution of the proposed class notice, subject to four modifications; approve the selection of

18   the settlement administrator; and schedule a fairness hearing for final approval of the settlement

19   agreement.

20   I.       BACKGROUND

21            A.       The Parties and Claims

22            Plaintiffs are laborers, workers, and mechanics who performed work for Defendant

23   SimplexGrinnell LP ("SimplexGrinnell") on public works projects in California.  Fourth Amended

24   Complaint ("FAC"), ECF No. 218 ¶ 1.  They filed suit on behalf of themselves and other similarly

25   situated workers, alleging that SimplexGrinnell's compensation policies and practices violate

26   California law.  Id.  Plaintiffs assert the following claims: (1) violation of California Prevailing

27   Wage Law, Cal. Lab. Code §§ 1720-1861; (2) violation of California Labor Code, Cal. Lab. Code

28   § 203; violation of California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*;

and violation of California Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698 *et seq*. Id. ¶¶ 45-72.

**B.     Procedural History**

Plaintiffs filed their initial complaint on April 18, 2011.  ECF No. 1.  The operative FAC was filed on May 2, 2014.  ECF No. 218.  During the course of this lawsuit, the parties have engaged in extensive motion practice over the merits of Plaintiffs' claims, including by filing three motions to dismiss, Defendant's motion for judgment on the pleadings, and Plaintiffs' motion for partial summary judgment.  ECF Nos. 16, 39, 62, 129, 137.  The parties have also engaged in substantial discovery litigation.  See Declaration of Raymond C. Fay ("Fay Decl."), ECF No. 265 ¶¶ 21-22.

On March 5, 2014, the Court granted Plaintiffs' motion for partial summary judgment and concluded that the stand-alone testing and inspection of fire alarm and sprinkler systems at issue in this action is subject to the payment of prevailing wages under California Labor Code section 1771.  ECF No. 199.  On October 28, 2014, the parties attended a full-day adversarial mediation before Mark Rudy, an experienced mediator, which resulted in an agreement to settle the case.  Fay Decl. ¶ 23.  Plaintiffs filed their unopposed motion for preliminary approval of class action settlement on December 30, 2014.  ECF No. 264.  They filed a supplemental brief in support of the motion and an amended settlement agreement on February 9, 2015.  ECF No. 270.

**C.     Settlement Agreement**

The proposed settlement agreement requires SimplexGrinnell to change its payment practices and begin paying prevailing wages to all of its workers for testing and inspection work performed on fire alarms or sprinkler systems in California on public works.  Amended Class Action Settlement Agreement ("Settlement Agreement"), ECF No. 270-1 ¶ 36.  SimplexGrinnell will implement this change within fifteen days of preliminary approval, with payment to be made retroactive to January 2, 2015, for all testing and inspection work not paid from January 2, 2015, to the date of implementation.  Id.  This obligation will cease if there is (1) a change or clarification in the relevant statutes or regulations that such testing and inspection work is not covered by California's prevailing wage laws; (2) a final determination by a California Court of

2

Appeal, the California Supreme Court, or the Ninth Circuit in a published decision that such work is not covered by California's prevailing wage laws; or (3) there is a final coverage determination by the California Department of Industrial Relations (DIR) that such work is not covered.  Id.

In addition, SimplexGrinnell will pay a maximum settlement amount of $4,900,000.00.  Id. ¶ 39.  Under the terms of the settlement agreement, the following amounts will be deducted from the settlement amount: (1) class counsel's fees of no more than $1,900,000.00, id. ¶ 40(a); (2) class counsel's litigation expenses of no more than $300,000.00, id. ¶ 40(b); (3) a $7,500.00 payment to the State of California pursuant to the PAGA, id. ¶40(c); (4) class representative enhancement awards to Plaintiffs Scott, Hotzler, Backlund, and Valdez in a total amount no greater than $20,000.00, id. ¶ 40(f); (5) a total payment no greater than $20,000.00 to non-class representatives Bennett, Delaney, and Robinson to resolve their non-class individual claims, id. ¶ 40(g);[1] and (6) costs of settlement administration up to a maximum of $30,000.00, id. ¶ 40(h).[2] None of the funds will revert to SimplexGrinnell.  ECF No. 264 at 6.  Plaintiffs' net recovery will be at least $2,622,500.00, which represents approximately thirty percent of SimplexGrinnell's maximum exposure if Plaintiffs prevailed at trial.  Fay Decl. ¶ 41.

The net settlement amount will be distributed among the 533 class members, defined as "all individuals employed by Defendant SimplexGrinnell at any time since April 18, 2007 until October 28, 2014 who have performed testing or inspection of fire alarm or sprinkler systems in California on 'public works,' as defined in California Labor Code §§ 1720, 1771."  ECF No. 270 at 1; Settlement Agreement ¶ 22.  Of the net settlement amount, ninety-seven percent will be allocated towards unpaid prevailing wages, and three percent will be allocated towards Labor Code section 203 waiting time penalties.  Settlement Agreement ¶ 40(i)(1). The unpaid prevailing

---

[1] Plaintiffs Bennett, Delaney, and Robinson do not appear to have completed testing and inspection work on public works projects during the class period and are therefore not put forward as class representatives.  ECF No. 264 at 11-12 n.4.

[2] The Settlement Agreement allows for settlement administration costs up to a maximum of $30,000.00.  Settlement Agreement ¶ 40(h).  The Declaration of Raymond Fay in support of Plaintiffs' motion for preliminary approval and the attached proposal from Settlement Services, Inc., however, state that settlement administration costs shall not exceed $16,550.00.  Fay Decl. ¶ 53, Ex. 2 ¶ 14.  The Court addresses this discrepancy below.

United States District Court
Northern District of California

wages shares will be calculated based on each participating class member's pro rata share of workweeks in which he or she completed testing or inspection work on a public works project, with a minimum payment of $200.00.  Id. 40(i)(2).  Class members who have separated from SimplexGrinnell will also receive a pro-rata share of the waiting time penalty allocation.  Id. ¶ 40(i)(3).  The minimum settlement award is $200.00, the maximum award is $36,130.91, and the average award is $4,920.26.  ECF No. 270 at 1.

Within seven days following preliminary approval, SimplexGrinnell will provide Settlement Services, Inc., the settlement administrator, in electronic format the following information that is in its possession for each class member: (1) the class member's name, (2) last known address, (3) the class member's social security number; and (4) the class member's most recent W-4 information.  Settlement Agreement  ¶¶ 20, 45.  The settlement administrator will mail the class notice and estimated share form to all class members by first class U.S. mail.  Id. ¶¶ 7, 45.  The notice packet will be sent to the most current mailing address on file with SimplexGrinnell, unless modified by any updated address information obtained by the settlement administrator during the course of settlement administration, including by consulting the National Change of Address Database.  Id. ¶ 42(a).  Notice packets returned as non-delivered will be resent to the forwarding address on the returned envelope.  Id. ¶ 42(b).  If a returned packet has no forwarding address, the settlement administrator will search for a more current address and re-mail the packet within fifteen days after the date of return.  Id.

The proposed notice, Settlement Agreement Ex. A, explains the terms of the settlement agreement and how to receive a settlement share, object, or opt out of the settlement.  To be valid and timely, objections and requests for exclusion must be completed within sixty days from the initial mailing of the notice packet.  Settlement Agreement ¶¶ 34, 35.  Participating class members must cash settlement share checks within 180 calendar days after mailing. Id. ¶ 41.  The settlement administrator will make all reasonable efforts to re-mail any returned check to the class member at his or her correct address.  Id.  If any check is not cashed by the void date, the corresponding funds will be paid to the California Industrial Relations Unclaimed Wages Fund. Id.

As part of the amended settlement agreement, participating class members release

Defendant from:

> any and all claims, actions, demands, causes of action, suits, debts, obligations, damages, rights or liabilities, of any nature and description whatsoever, known or unknown that have been or could have been asserted by Class Representatives, or the Class Members or any of their respective heirs, executors, administrators, beneficiaries, predecessors, successors, attorneys, assigns, agents and/or representatives arising out of any claims that were or could reasonably have been made on the facts alleged in the Fourth Amended Complaint filed on May 2, 2014, from the beginning of time up to and including the date of Preliminary Approval of the Settlement (collectively referred to as "Released Class Claims"), including but not limited to claims under California Labor Code sections 203, 510, 1194, 1720-1861, 2698 *et seq.*, as well as any applicable California Industrial Welfare Commission Wage Order, and Business and Professions Code sections 17200 *et seq.* With regard to the Released Class Claims, the Releasing Settlement Class Members also waive and release all claims for attorneys' fees and costs incurred by Releasing Settlement Class Members or by Class Counsel in connection with the Action and Settlement of the Action.

Id. at ¶ 37. This release, as amended, expressly excludes claims alleged in the complaint filed on

January 25, 2011, in Gonzalez v. SimplexGrinnell (Case No. 11-cv-00900-RS) and certified for

class treatment by the court on February 12, 2013, including claims for travel time, itemized wage

statements under California Labor Code section 226, and waiting time penalties under California

Labor Code section 203. Settlement Agreement ¶ 37(a). However, the release does apply to

claims for waiting time penalties under Labor Code section 203 to the extent that a Gonzalez class

member receives payments for Labor Code section 203 claims pursuant to this agreement. Id. In

addition, the released claims include claims for travel time and for failure to provide itemized

wage statements based on the prevailing wage law, but do not include such claims based on other

alleged violations. Id. 37(b).

Class representative and non-class representative Plaintiffs also release Defendant from:

> any and all claims, actions, demands, causes of action, suits, debts, obligations, damages, rights or liabilities of any nature and description whatsoever, known or unknown, that Class Representatives and Non-Class Representative Plaintiffs may possess against the Released Parties arising from Class Representatives' and Non-Class Representative Plaintiffs' employment with Defendant, including but not limited to claims for the Age Discrimination in Employment Act (42 U.S.C. § 621), Title VII of the Civil Rights Act of 1964 as amended (42 U.S.C. § 2000e),

United States District Court
Northern District of California

the Equal Pay Act of 1963 (29 U.S.C. § 206(d)), the Civil Rights Acts of 1866 and 1871 (42 U.S.C. § 1981), the Worker Adjustment and Retraining Notification Act (29 U.S.C. § 1651), the Employee Retirement Income Security Act (29 U.S.C. § 1001), the Family and Medical Leave Act (29 U.S.C. § 2601), the Americans with Disabilities Act (42 U.S.C. § 12101), the Occupational Safety and Health Act (29 U.S.C. § 651), California Fair Employment and Housing Act, the Industrial Welfare Commission Orders, the California Labor Code, including Sections 203, 1720-1861, 2699 *et seq.*, any Industrial Welfare Commissioner wage order, the California Family Rights Act; and California Business and Professions Code Section 17200; or any other federal, state or local statute or regulation concerning the employment relationship or prohibiting retaliation or discrimination on the basis of age, race, creed, color, religion, national origin, sex, disability, marital status or any other protected classification which the Class Representative or Non-Class Representative Plaintiff have, or at any time had, including but not limited to all claims for compensatory damages, punitive damages, attorney's fees, salary, commissions, bonuses, expense reimbursements, severance payments, deferred compensation payments, or other monies due.

Id. ¶ 38.

### D. Jurisdiction

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

## II.   LEGAL STANDARD

The Ninth Circuit maintains "a strong judicial policy" that favors the settlement of class actions. Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992). The settlement of a certified class action must be "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). But where "the parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." Staton v. Boeing Co., 327 F.3d 938, 952 (9th Cir. 2003). In these situations, settlement approval "requires a higher standard of fairness and a more probing inquiry than may normally be required under Rule 23(e)." Dennis v. Kellogg Co., 697 F.3d 858, 864 (9th Cir. 2012) (internal quotation marks omitted). Preliminary approval of a settlement and notice to the proposed class is appropriate if "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." In re Tableware Antitrust Litig., 484 F. Supp. 2d 1078, 1079 (N.D. Cal.

United States District Court
Northern District of California

6

2007) (citation omitted).

## III.    CONDITIONAL CLASS CERTIFICATION

### A.    Legal Standard

A district court may certify a class action under Federal Rule of Civil Procedure 23 if the party seeking certification satisfies the four requirements identified in Rule 23(a), as well as one of the three subdivisions of Rule 23(b).  Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614 (1997). When determining whether to certify a class for settlement purposes, a court must pay "heightened" attention to the requirements of Rule 23.  Id. at 620.  Indeed, "[s]uch attention is of vital importance, for a court asked to certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the proceedings as they unfold."  Id.

### B.    Rule 23(a)

Rule 23(a) contains four threshold requirements that any proposed class action must meet: "(1) numerosity (a 'class [so large] that joinder of all members is impracticable'); (2) commonality ('questions of law or fact common to the class'); (3) typicality (named parties' claims or defenses 'are typical . . . of the class'); and (4) adequacy of representation (representatives 'will fairly and adequately protect the interests of the class')."  Id. at 613 (quoting Fed. R. Civ. P. 23).

#### 1.    Numerosity

The numerosity requirement is satisfied when a plaintiff shows that "the class is so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  Here, the proposed class includes 533 individuals.  ECF No. 270 at 1.  Because the joinder of 533 plaintiffs would be impracticable, the numerosity requirement is met.  The Court also concludes that the class is "adequately defined and clearly ascertainable."  Vietnam Veterans of Am. v. C.I.A., 288 F.R.D. 192, 211 (N.D. Cal. 2012).

#### 2.    Commonality

The commonality requirement is satisfied when a plaintiff shows that "there are questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  Commonality exists when the plaintiff's claims "depend upon a common contention" of "a nature that it is capable of classwide resolution," such that "determination of its truth or falsity will resolve an issue that is central to the

7

1  validity of each one of the claims in one stroke." <u>Wal-Mart Stores, Inc. v. Dukes</u>, 131 S. Ct. 2541,

2  2551 (2011).

3        The Court concludes that commonality exists because all class members' claims involve

4  the common question of whether the testing or inspection of fire alarm or sprinkler systems on

5  California public works projects is subject to the payment of prevailing wages under California

6  Labor Code section 1771.  <u>See</u> Order Granting Plaintiff's Motion for Partial Summary Judgment

7  and Denying Motion to Strike as Moot, ECF No. 199 (concluding that the stand-alone testing and

8  inspection of fire alarm and sprinkler systems at issue in this action is subject to the payment of

9  prevailing wages under California Labor Code section 1771).  Plaintiffs' remaining claims are

10  derivative of the prevailing wage claim.  <u>See</u> FAC ¶¶ 45-72.

### 3.      Typicality

12        Typicality exists if "the claims or defenses of the representative parties are typical of the

13  claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  "The test of typicality is whether other

14  members have the same or similar injury, whether the action is based on conduct which is not

15  unique to the named plaintiffs, and whether other class members have been injured by the same

16  course of conduct."  <u>Hanon v. Dataproducts Corp.</u>, 976 F.2d 497, 508 (9th Cir. 1992) (internal

17  quotation marks omitted).

18        Here, Plaintiffs and class members all performed testing and inspections on public works

19  projects during the relevant period, and Plaintiffs allege that SimplexGrinnell uniformly failed to

20  pay them prevailing wages for their testing and inspection work in violation of the California

21  Labor Code.  The Court concludes that the representative Plaintiffs' claims are typical of those of

22  the putative class members, because they performed the same type of work as the putative class

23  members and were injured by the same course of conduct.

### 4.      Adequacy of Representation

25        A plaintiff may bring claims on behalf of a class only if she "will fairly and adequately

26  protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  "Resolution of two questions

27  determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of

28  interest with other class members and (2) will the named plaintiffs and their counsel prosecute the

United States District Court
Northern District of California

action vigorously on behalf of the class?"  Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998).

Plaintiffs Scott, Hotzler, Valdez, and Backlund state that neither they nor their counsel have any conflicts of interest with members of the settlement class because all class members allege that they were not paid all prevailing wages due for testing and inspection work completed at public works projects.  ECF No. 264 at 12.  Plaintiffs also state that they will continue to vigorously prosecute this action on behalf of the proposed class and argue that they have demonstrated their ability to do so by initiating this lawsuit and continuing their participation through settlement.  Id.; Fay Decl. ¶ 28.  Plaintiffs' counsel assert that they have significant experience in complex litigation and employment law and that all three firms have litigated numerous wage and hour class actions, including the sister prevailing wage lawsuit against SimplexGrinnell in New York.  Fay Decl. ¶¶ 5-8, 28; Declaration of Bruce E. Menken ("Menken Decl."), ECF No. 266 ¶¶ 3-6; Declaration of James Kan ("Kan Decl."), ECF No. 267 ¶¶ 3-6.

Based on the totality of the evidence before it, the Court is persuaded that Plaintiffs and their counsel will adequately protect the interests of the class.  Plaintiffs have remained committed to this suit over years of litigation.  Plaintiffs' counsel have ample experience in the prosecution of class actions, and successfully moved for partial summary judgment in this action.  ECF No. 199.  There is no indication in the record of collusion or a conflict of interest.  Accordingly, the Court will appoint Plaintiffs Scott, Hotzler, Valdez, and Backlund as class representatives and will appoint Plaintiffs' counsel, the Fay Law Group, Beranbaum Menken, and Goldstein Borgen Dardarian & Ho, as class counsel.

C.      Rule 23(b)(3)

Rule 23(b)(3) requires the Court to find that: (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members;" and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).

1.      Predominance

"The predominance analysis under Rule 23(b)(3) focuses on 'the relationship between the

common and individual issues' in the case and 'tests whether the proposed class[] [is] sufficiently cohesive to warrant adjudication by representation.'" Wang v. Chinese Daily News, Inc., 737 F.3d 538, 545 (9th Cir. 2013) (quoting Hanlon, 150 F.3d at 1022). Plaintiffs contend that the common questions raised in this action predominate over any individualized questions because the resolution of Plaintiffs' claims hinges on the uniform policies and practices of SimplexGrinnell, rather than any treatment that class member technicians experienced on an individual level. ECF No. 264 at 13. The claims would be resolved through the use of common forms of proof, such as SimplexGrinnell's uniform prevailing wage policies, and not individualized inquiries specific to class members. Id. Because key issues common to all class members predominate over individual questions in this case, the Court finds that the predominance requirement is met.

### 2. Superiority

"Where classwide litigation of common issues will reduce litigation costs and promote greater efficiency, a class action may be superior to other methods of litigation. A class action is the superior method for managing litigation if no realistic alternative exists." Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234-35 (9th Cir. 1996) (internal citation omitted).

Here, Plaintiffs contend that a class action is superior to other methods of litigation because the class members do not have a strong interest in controlling their individual claims; and because litigating the claims individually would require duplicative discovery and duplicative litigation, waste judicial resources, and risk conflicting decisions. ECF No. 264 at 14.

The Court concludes that Plaintiffs have shown that a class action is superior to any other method of litigating the claims of the putative class members.

Because Plaintiffs have shown that Rule 23's requirements for certification of the proposed class are met, the Court will conditionally certify the class for settlement purposes.

### IV.   PRELIMINARY APPROVAL OF CLASS SETTLEMENT

Preliminary approval of a settlement and notice to the proposed class is appropriate if "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." In re Tableware

<u>Antitrust Litig.</u>, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (citation omitted).  To assess a

settlement proposal, a district court must balance a number of factors:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

<u>Hanlon</u>, 150 F.3d at 1026.  The proposed settlement must be "taken as a whole, rather than the

individual component parts" in the examination for overall fairness.  <u>Id.</u>  Courts do not have the

ability to "delete, modify or substitute certain provisions," because the settlement "must stand or

fall in its entirety."  <u>Id.</u>  In examining a pre-certification settlement agreement, a district court

"must be particularly vigilant not only for explicit collusion, but also for more subtle signs that

class counsel have allowed pursuit of their own self-interests and that of certain class members to

infect the negotiations."  <u>In re Bluetooth Headset Prods. Liab. Litig.</u>, 654 F.3d 935, 947 (9th Cir.

2011).

   The Court finds that this settlement "appears to be the product of serious, informed, non-

collusive negotiations, has no obvious deficiencies, does not improperly grant preferential

treatment to class representatives or segments of the class, and falls within the range of possible

approval."  <u>In re Tableware</u>, 484 F. Supp. 2d at 1079.

   First, the Court finds nothing in the record to suggest that the settlement negotiation

process was collusive.  The parties reached the proposed settlement after exchanging discovery,

engaging in substantial motion practice over a period of more than three years, and participating in

private adversarial mediation with an experienced mediator.  Plaintiffs assert that the settlement

"is a fair compromise in light of the litigation risks and uncertainties," and emphasize that the

settlement provides current and future technicians who perform testing and inspection work

"significant and meaningful prospective relief."  ECF No. 264 at 15.  The Court concludes that

that the parties were sufficiently informed about the strengths and weaknesses of Plaintiffs' claims

when negotiating the settlement and that the settlement is non-collusive and likely to benefit the

class members.

United States District Court
Northern District of California

11

Second, the settlement amount is adequate when compared to the total potential damages in the case. Plaintiffs estimate that SimplexGrinnell's maximum exposure in this case is approximately $8.8 million. Fay Decl. ¶ 40. The Court finds that the class members' net recovery of at least $2,622,500.00 (approximately thirty percent of the maximum exposure figure) is fair, reasonable, and adequate in light of the strength of Plaintiffs' case; the risk, expense, complexity, and likely duration of this litigation; and the significant value of the prospective relief also obtained in the settlement agreement.

Third, the stage of the proceedings weighs in favor of approval. Although this class action settlement was reached prior to class certification, the parties have engaged in substantial motion practice, exchanged extensive fact and expert discovery, and participated in a full-day mediation before an experienced mediator.

Fourth, Plaintiffs' counsel, who are experienced in complex litigation, employment law, and wage and hour class actions, have actively participated in this litigation and endorse the settlement agreement.

Fifth, as no government actor is present in this action, that factor is immaterial to the settlement approval process.

Sixth, the Court must wait until the final approval hearing to assess class members' reactions to the settlement.

Seventh, the Court finds that the parties' agreement with respect to attorneys' fees and service enhancement awards for class representative and non-class representative Plaintiffs is preliminarily reasonable. The Court will evaluate the requests for fees and service enhancement awards at the final approval hearing, after Plaintiffs' counsel file their motions for fees, costs, and service awards, and the class has an opportunity to object.

Finally, the Court notes a discrepancy concerning the estimated settlement administration costs. The Settlement Agreement and Kan's declaration state that settlement administration costs will not exceed $30,000.00. Kan Decl. ¶ 9; Settlement Agreement ¶ 40(h). Fay's Declaration and the attached capped fee proposal, however, state that settlement costs will not exceed $16,550.00. Fay Decl. ¶ 53, Ex. 2 ¶ 14. This discrepancy does not appear to be a point of contention between

the parties, and may be due to a drafting error.  Accordingly, the Court does not find the

discrepancy to be a deficiency in the settlement agreement and will preliminarily approve the

agreement, adopting the $16,550.00 settlement administration costs figure from Settlement

Services, Inc.'s proposal.

    For the foregoing reasons, the Court will preliminarily approve the class action settlement.

## V.      CLASS NOTICE PLAN

    The class notice in a Rule 23(b)(3) class action must comport with the requirements of due

process.  "The plaintiff must receive notice plus an opportunity to be heard and participate in

litigation, whether in person or through counsel."  <u>Phillips Petroleum Co. v. Shutts</u>, 472 U.S. 797,

812 (1985).  The notice must be "the best practicable," and "reasonably calculated, under all the

circumstances, to apprise interested parties of the pendency of the action and afford them an

opportunity to present their objections."  <u>Id.</u>  "[A]n absent plaintiff [must] be provided with an

opportunity to remove himself from the class by executing and returning an 'opt out' or 'request

for exclusion' form to the court."  <u>Id.</u>  Pursuant to Rule 23(c)(2)(B):

> The notice must clearly and concisely state in plain, easily
> understood language:
>         (i) the nature of the action;
>         (ii) the definition of the class certified;
>         (iii) the class claims, issues, or defenses;
>         (iv) that a class member may enter an appearance through an
>         attorney if the member so desires;
>         (v) that the court will exclude from the class any member
>         who requests exclusion;
>         (vi) the time and manner for requesting exclusion; and
>         (vii) the binding effect of a class judgment on members
>         under Rule 23(c)(3).

    The proposed notice packet includes the proposed class notice along with an estimated

share form.  Settlement Agreement ¶ 7.  The notice packet explains the nature of the action, the

class certified, the claims at issue, and the settlement terms.  Settlement Agreement Ex. A, B.  It

informs class members of their estimated settlement share and explains that class members

wishing to opt out of the settlement must submit a written request for exclusion.  <u>Id.</u>  It includes

the date of the final approval hearing and provides instructions for requesting exclusion from and

objecting to the settlement agreement.  <u>Id.</u>  It also informs class members that they may hire

United States District Court
Northern District of California

13

counsel to represent them in this action.  Id.

The settlement administrator will mail the notice packet to the 533 class members by first class U.S. mail using the most current address information available to SimplexGrinnell.  Id. ¶¶ 42(a), 45.  Returned notices will be resent using the forwarding address provided or, if no forwarding address is provided, the settlement administrator will promptly search for a more current address, including by consulting with SimplexGrinnell and performing skip traces.  Id. ¶ 42(b).  To be valid and timely, objections and requests for exclusion must be made within sixty days from the initial mailing of the notice packet.  Id.  ¶¶ 34, 35.

The Court finds that the parties' notice plan comports with due process requirements.  In addition, the Court will approve the form of the proposed notice, subject to the following alterations:

1. The notice shall indicate that settlement administration costs are estimated not to exceed $16,550.00;

2. The notice shall indicate that a total payment not to exceed $20,000.00 will be made to the three non-class representative Plaintiffs in exchange for release of their individual claims;

3. The notice shall include a clear statement of the binding effect of a class judgment on participating class members;

4. For a class member to request exclusion from the settlement, the only information the class member must provide in a letter to the settlement administrator is: (1) the class member's name and the last four digits of his or her social security number; (2) a statement that he or she wishes to be excluded from the settlement class in Bennett v. SimplexGrinnell, Case No. 11-cv-01854-JST; and (3) his or her signature.  Class members' telephone numbers and mailing addresses are not required.

## VI.    CONCLUSION

For the foregoing reasons, the Court hereby:

1. Grants the parties' request for preliminary approval of their class action settlement, subject to the revision above concerning settlement administration costs.

2. Grants the parties' request for certification of the following Rule 23 settlement class for

14

1 | the sole and limited purpose of implementing the terms of the Settlement Agreement, subject to

2 | this Court's final approval:

> All individuals employed by Defendant SimplexGrinnell at any time since April 18, 2007, until October 28, 2014, who have performed testing or inspection of fire alarm or sprinkler systems in California on 'public works,' as defined in California Labor Code §§ 1720, 1771.

Certification under this order is for settlement purposes only, and shall not constitute or be construed as an admission by Defendant that this action is appropriate for class treatment for litigation purposes.  Entry of this order is without prejudice to the rights of Defendant to oppose certification of a class in this action should the proposed settlement not be granted final approval.

3. Appoints Plaintiffs' counsel, the Fay Law Group, Beranbaum Menken, and Goldstein Borgen Dardarian & Ho as class counsel, and Plaintiffs Scott, Hotzler, Backlund, and Valdez as class representatives.

4. Preliminarily approves the form and content of the settlement agreement, and the proposed class notice and estimated share form, subject to the revisions discussed above.  These documents are attached to this order as Exhibits 1, A, and B.  The parties are authorized to make non-substantive changes to the proposed class notice and estimated share form that are consistent with the terms of the Settlement Agreement and this order.

5. Approves the selection of Settlement Services, Inc. as the settlement administrator, and the payment of reasonable administration costs, which are not to exceed $16,550.00 and will be paid from the maximum settlement amount.  The settlement administrator shall take all actions in furtherance of obtaining correct mail address information for settlement class members and giving of notice, determination of settlement class member payment amounts, responding to class member queries, opt-outs, and objections, and other settlement administration functions, as specified in the settlement agreement.

6. Accordingly, good cause appearing, the Court hereby approves the proposed class notice, subject to the revisions discussed above, and adopts the following dates and deadlines:

United States District Court
Northern District of California

15

| Deadline | Action |
|---|---|
| Within seven (7) calendar days after entry of the order granting preliminary approval | Defendant shall provide to the settlement administrator, in electronic form, a list of each class member, including each person's name, last known address, phone number, and social security number.  The parties will also provide data necessary for calculating settlement awards. |
| Within ten (10) calendar days of receipt of class member information | The settlement administrator will send via United States first class mail the notice of settlement and the estimated share form to class members. |
| Fourteen (14) calendar days prior to the opt-out/objection deadline | Class counsel shall file a motion seeking approval of attorneys' fees and costs and the proposed service awards to the Plaintiffs. |
| Within sixty (60) calendar days from the date of the initial mailing of the settlement documents | Objection/Exclusion Deadline: deadline for class members to object to or to request exclusion from the settlement.  Opt-out requests and objections must be postmarked on or before the deadline. |
| Final approval hearing | September 3, 2015 at 2:00 p.m. |

7. Pursuant to Federal Rule of Civil Procedure 23(e)(5), members of the settlement class may object to the terms of the settlement.  Settlement class members who object to the proposed settlement may appear and present such objections at the final approval hearing in person or by counsel, provided that any objecting settlement class member submits a written statement containing the basis of that person's objections, which must be filed with the Court and postmarked no later than sixty (60) calendar days from the date on which the notices are first sent out by the settlement administrator.  Settlement class members shall be permitted to withdraw their objections in writing by submitting a withdrawal statement to the Court prior to the final approval hearing.  Settlement class members may also exclude themselves from this Settlement Agreement provided they mail a written statement clearly expressing that desire with the settlement administrator, postmarked no later than sixty (60) calendar days from the date on which notices are first sent out by the settlement administrator.

8. Class Counsel shall file a motion for approval of reasonable attorneys' fees, costs, and litigation expenses and a motion for approval of service awards for Plaintiffs no later than fourteen (14) days prior to the Opt-out/Objection Deadline.

9. Counsel shall return before this Court for a final approval hearing, at which the Court

shall finally determine whether the settlement is fair, reasonable, and adequate, on September 3, 2015 at 2:00 p.m. in Courtroom 9 of this Court.

10. Class Counsel shall file a noticed motion for final approval of settlement no later than thirty-five (35) days before the final approval hearing.

IT IS SO ORDERED.

Dated:  April 22, 2015

_____
JON S. TIGAR
United States District Judge